ANDOLSEK, Appellant,

v.

CITY OF KIRTLAND; Trimble et al., Appellees.

[Cite as *Andolsek v. Kirtland* (1994), 99 Ohio App.3d 333.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 94-L-038.

Decided Nov. 14, 1994.

334

James D. Kendis, Stewart R. Jaffy and Marc J. Jaffy, for appellant.

*Lee Fisher*, Attorney General, *Mark E. Mastrangelo* and *Fred J. Pompeani*, Assistant Attorneys General, for appellees.

---

FORD, Presiding Judge.

Appellant, Ronald Andolsek, appeals from the trial court's order dismissing his appeal and complaint for failure to state a claim upon which relief can be granted.

Appellant was employed by the city of Kirtland as a police officer. On March 23, 1992, he filed an occupational disease claim with the Ohio Bureau of Workers' Compensation, alleging that he was diagnosed as suffering from post-traumatic stress disorder, depression, and burnout as a result of his duties in investigating the Kirtland cult killings. The district hearing officer disallowed his claim because it alleged a psychiatric condition without physical trauma. The regional board of review affirmed the disallowance, and the Industrial Commission refused appellant's appeal from the board of review. Appellant appeals the trial court's dismissal order, assigning the following as error:

"1. The trial court erred in granting defendant's 'motion for judgment on the pleadings or motion to dismiss for failure to state a claim' where the motion depends on application of a law which violates the injured worker's right to equal protection of the laws by depriving the injured worker of the opportunity to receive industrial compensation for a psychiatric/stress claim, where other industrially injured workers are entitled to participate for psychiatric or stress-caused conditions.

"2. The trial court erred in granting defendant's 'motion for judgment on the pleadings or motion to dismiss for failure to. state a claim' where granting such motion depends on application of a law which violates the injured worker's rights to receive compensation for a work-related injury or occupational disease under the provisions of the Ohio Constitution creating the foundation for the Ohio Workers' Compensation system.

"3. The trial court erred in granting the defendant's motion which results from a narrow definition excluding psychiatric/stress claims from compensation in violation of the R.C. 4123.95 requirement for liberal construction."

In the first assignment, appellant argues that the trial court erred in dismissing his complaint for failure to state a claim because such decision was predicated on the application of law which violates appellant's right to equal protection.

Pursuant to Ohio's workers' compensation statutory scheme, compensation is sanctioned for a worker who is disabled by a mental condition resulting from a compensable work-related physical injury. R.C. 4123.01(C)(1); *State ex rel. Anderson v. Indus. Comm.* (1980), 62 Ohio St.2d 166, 16 O.O.3d 199, 404

N.E.2d 153; *Rambaldo v. Accurate Die Casting* (1992), 65 Ohio St.3d 281, 603 N.E.2d 975. However, compensation is not available for workers suffering mental conditions caused solely by job-related stress. *Rambaldo,* syllabus. Appellant contends that this situation violates his right to equal protection.

This argument has been advanced several times and has been rejected. *Connors v. Sterling Milk Co.* (1993), 98 Ohio App.3d 711, 649 N.E.2d 856; *Zaricki v. Laco Die Casting Co.* (July 8, 1982), Cuyahoga App. No. 44254, unreported, 1982 WL 2468; *Neil v. Mayfield* (July 22, 1988), Montgomery App. No. CA 10881, unreported, 1988 WL 76179; *Fields v. Youngstown* (May 30, 1989), Mahoning App. No. 88 C.A. 89, unreported, 1989 WL 59014.

"The United States Supreme Court has held that, '[i]n the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect.'" *Zaricki* at 3, quoting *Dandridge v. Williams* (1970), 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491; see, also, *Connors,* 98 Ohio App.3d at 714, 649 N.E.2d at 858–859. Provided a classification does not burden a suspect group, a statute should not be deemed violative of the Equal Protection Clause unless "the varying treatment of different groups or persons is so unrelated to achievement of any combination of legislative purposes that it can only be concluded that the legislature's actions were irrational." *Vance v. Bradley* (1979), 440 U.S. 93, 97, 99 S.Ct. 939, 942, 59 L.Ed.2d 171; *Zaricki* at 3; *Connors,* 98 Ohio App.3d at 714, 715, 649 N.E.2d at 859. Because appellant does not assert that he falls within a suspect or fundamental classification, the appropriate standard of review is the rational basis test; therefore, provided the statutory framework is rationally related to a legitimate government interest, it will be upheld. *Connors,* 98 Ohio App.3d at 715, 649 N.E.2d at 859.

■ Applying this test, we find that the exclusion for mental stress in the absence of a contemporaneous physical injury does not violate the Equal Protection Clause of the United States Constitution or the Ohio Constitution because:

"(1) the state has a legitimate interest in maintaining the self-supporting nature of its Workers' Compensation Fund; (2) the state has a legitimate interest in distributing the available resources to the disabilities determined by the state to be covered rather than to cover all disabilities inadequately; and (3) the state has a legitimate interest in maintaining a contribution rate at a level that will not unduly burden participating employers." *Connors,* 98 Ohio App.3d at 715, 649 N.E.2d at 859; see, also, *Zaricki* at 4, 1982 WL 2468; *Mayfield* at 5; *Fields* at 8.

This assignment is meritless.

■ In the second assignment, appellant contends that the legislature exceeded its authority under Section 35, Article II of the Ohio Constitution because, in defining "injury" pursuant to R.C. 4123.01(C)(1), it excluded compensation for psychiatric injuries not resulting from a compensable work-related physical injury.

Section 35, Article II, states, in pertinent part:

"For the purpose of providing compensation to work[ers] and their dependents, for death, injuries or occupational disease, occasioned in the course of such work[ers'] employment, *laws may be passed* establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, *determining the terms and conditions upon which payment shall be made therefrom.*" (Emphasis added.)

"The purpose of Article II, Section 35 of the Ohio Constitution is to compensate workers and/or their dependents for injuries arising out of the course of employment. However, Section 35 does give the state the authority to determine what injuries are compensable." *Connors,* 98 Ohio App.3d at 715, 649 N.E.2d at 859. Therefore, the legislature did not exceed its authority by excluding psychiatric injury not resulting from physical injury from the class of compensable injuries. *Connors,* 98 Ohio App.3d at 716, 649 N.E.2d at 859. This assignment is meritless.

■ In the third assignment, appellant maintains that the trial court erred in dismissing his complaint because R.C. 4123.95 mandates that workers' compensation statutes are to be liberally construed in favor of employees' receipt of benefits.

R.C. 4123.01(C) states:

" 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. 'Injury' does not include:

"(1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease[.]"

The Supreme Court of Ohio has recently construed the foregoing statute and concluded "that by specifically excluding claims for mental conditions based solely on job-related stress from the definition of 'injury,' the General Assembly intended that this type of claim not be compensable under the Workers' Compen-

sation Act * * *." *Rambaldo,* 65 Ohio St.3d at 287, 603 N.E.2d at 979. Despite this, appellant argues that his claim is covered pursuant to R.C. 4123.95, which states, "[s]ections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of deceased employees."

R.C. 1.51 states:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. *If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."* (Emphasis added.)

Clearly, R.C. 4123.01(C)(1) is the special provision and R.C. 4123.95 is the general provision. There can be no question that it was not the legislature's manifest intent to have the general provision prevail over the special provision. See *Rambaldo,* 65 Ohio St. 3d at 287, 603 N.E.2d at 979. This assignment is meritless.

Based on the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO and MAHONEY, JJ., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.