CRUTCHER, Appellant,

v.

BUTLER TOWNSHIP et al., Appellees.

[Cite as *Crutcher v. Butler Twp.* (1999), 135 Ohio App.3d 582.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 17775.

Decided Nov. 12, 1999.

---

**2.** By its terms, R.C. 1343.03 is inapplicable if R.C. 1343.02 applies. This is the case in the appeal *sub judice.*

*Joseph E. Gibson,* for appellant.

*Betty D. Montgomery,* Attorney General, and *C. Bradley Howenstein,* Assistant Attorney General, for appellees.

BROGAN, Judge.

This matter is an appeal from the Montgomery County Court of Common Pleas decision granting summary judgment in favor of Butler Township and the Administrator of the Bureau of Workers' Compensation ("bureau"), finding that appellant Mark Crutcher's alleged mental condition is not compensable under the workers' compensation system on the basis that he had not sustained an injury pursuant to R.C. 4123.01.

Crutcher alleged that he suffers from "recurrent depressive psychosis-unspecified" and "prolonged post-traumatic stress" as the result of his employment with the Butler Township Police Department. Crutcher contended that these conditions were caused by a suicide he witnessed while in the course and scope of his employment.

Crutcher admitted that he suffered no physical injury as a result of observing the suicide on April 27, 1997. The bureau and the Industrial Commission of Ohio denied both requested conditions for the reason that a psychiatric condition is not compensable unless it arises out of a work-related physical injury or occupational disease.

In his sole assignment of error, Crutcher alleges the trial court erred in granting Butler Township and the bureau's summary judgment motions because R.C. 4123.01(C) is unconstitutional.

R.C. 4123.01(C) specifically excludes purely mental or emotional conditions that do not arise from a physical injury. R.C. 4123.01(C) defines an "injury" as:

"(C) * * * any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. 'Injury' does not include:

"(1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease."

Crutcher argues that R.C. 4123.01(C) violates the provisions of the open courts/right to a remedy provisions of Section 16, Article I of the Ohio Constitution, the equal protection provisions of Section 2, Article I of the Ohio Constitution, and the provisions of Section 35, Article II of the Ohio Constitution.

The bureau argues that Crutcher has waived his constitutional arguments by not raising them in the trial court. The record reveals that appellant did not respond to the respective summary judgment motions filed by the appellees.

In *Rinehart v. Mayfield* (Mar. 3, 1987), Montgomery App. No. 10088, unreported, 1987 WL 7512, this court held that the appellant had waived his claim that R.C. 4123.01(C) violated the equal protection provisions of the United States and

Ohio Constitutions by not making that argument in the trial court. We cited *Szymanski v. Halle's Dept. Store* (1980), 63 Ohio St.2d 195, 17 O.O.3d 120, 407 N.E.2d 502, in support of that view.

In *In re M.D.* (1988), 38 Ohio St.3d 149, 527 N.E.2d 286, the Ohio Supreme Court held that the waiver doctrine of *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, is discretionary. The court held that even where waiver is clear, the Supreme Court reserved the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it.

█ Left unclear after *In re M.D.*, *supra*, is whether an appellate court in a civil case has the discretionary right to review a constitutional challenge not raised below. Pending some direction from the Ohio Supreme Court, at least one appellate court has held that a constitutional issue raised for the first time on appeal should not be reviewed by the appellate court. See *Remley v. Cincinnati Metro. Housing Auth.* (1994), 99 Ohio App.3d 573, 651 N.E.2d 450. In any event, it is clear that in civil cases, the plain error doctrine is not favored and may be applied only in extremely rare cases. *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099.

█ Further, the Ohio Supreme Court has held that R.C. 4123.01(C) does not foreclose an employee who has suffered a purely psychological injury from pursuing a common-law remedy against the employer. *Bunger v. Lawson Co.* (1998), 82 Ohio St.3d 463, 696 N.E.2d 1029; *Kerans v. Porter Paint Co.* (1991), 61 Ohio St.3d 486, 575 N.E.2d 428. Appellant's claim that R.C. 4123.01(C) violates the open courts/right to remedy provisions of Section 16, Article I is accordingly unpersuasive.

█ This court has held that the workers' compensation exclusion for mental stress in the absence of a contemporaneous physical injury does not violate the Equal Protection Clauses of the United States and Ohio Constitutions. See *Neil v. Mayfield* (July 22, 1988), Montgomery App. No. 10881, unreported, 1988 WL 76179. See, also, *Andolsek v. Kirtland* (1994), 99 Ohio App.3d 333, 650 N.E.2d 911.

█ The Eleventh District in *Andolsek* also rejected the claim that the Ohio legislature exceeded its authority under Section 35, Article II of the Ohio Constitution because in defining "injury," it excluded compensation for psychiatric injuries not resulting from work-related physical injury. The court noted that Section 35, Article II grants the state the authority to determine the terms and condition of payment under the Workers' Compensation Act. *Andolsek, supra*, at

337, 650 N.E.2d at 913–914.  See, also, *Connors v. Sterling Milk Co.* (1993), 98 Ohio App.3d 711, 649 N.E.2d 856.  The appellant's assignment is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GRADY, P.J., and WOLFF, J., concur.