**WOOD, Appellant,**

v.

**OHIO STATE HIGHWAY PATROL et al., Appellees.**

[Cite as *Wood v. Ohio State Hwy. Patrol*, 156 Ohio App.3d 725, 2004-Ohio-1765.]

Court of Appeals of Ohio,
Fifth District, Tuscarawas County.

No. 2003 AP 09 0075.

Decided April 1, 2004.

726

Brian Law Offices and Steven J. Brian for appellant.

Kyle D. Martin and Lee M. Smith, for appellee OSHP.

Jim Petro, Attorney General, and Erica L. Bass, Assistant Attorney General, for appellee OBWC.

---

WISE, Judge.

{¶ 1} Appellant Arthur E. Wood appeals from the judgment of the Tuscarawas County Court of Common Pleas that overruled his motion for summary judgment and granted the motions for summary judgment filed by appellee Ohio State Highway Patrol ("Highway Patrol") and appellee Ohio Bureau of Workers' Compensation ("bureau"). The following facts give rise to this appeal.

{¶ 2} On June 26, 2002, appellant filed for benefits from the Ohio Bureau of Workers' Compensation, alleging that he had contracted a psychological condition diagnosed as "post traumatic stress disorder" as a result of his employment with the Highway Patrol. Appellant bases his claim upon a series of four events that occurred during the course of his employment between October 20, 2000, and April 15, 2002.

{¶ 3} The first incident occurred on October 20, 2000, and involved the fatal shooting of an armed suspect. The second event involved a high-speed pursuit of juvenile gang members in November 2001. The third event occurred on July 12, 2001, when appellant responded to a fatal car crash. The fourth event occurred on April 15, 2002, when his police cruiser caught fire after it got stuck in the median of a roadway.

{¶ 4} On July 1, 2002, the bureau denied appellant's claim. Appellant appealed from the order denying his claim to an Ohio Industrial Commission District Hearing Officer. The district hearing officer denied appellant's claim because appellant had not sustained an injury in the course of and arising out of his employment. Appellant appealed from the district hearing officer's decision to an Ohio Industrial Commission Staff Hearing Officer. The staff hearing officer affirmed the district hearing officer's denial of appellant's workers' compensation claim. A further appeal to the full Industrial Commission was also denied.

{¶ 5} Thereafter, appellant appealed from this matter to the trial court. All parties filed motions for summary judgment. On August 21, 2003, the trial court filed a judgment entry granting the Highway Patrol's and bureau's motions for summary judgment and denying appellant's motion for summary judgment.

Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:

{¶ 6} "I. The trial court erred to the prejudice of the plaintiff-appellant in that Section 35, Article II of the Ohio Constitution envisions a workers' compensation system covering any injury which a worker suffers as a result of workplace requirements, allowing coverage for any injury which is as a result of workplace requirements furthers the goals of the workers' compensation provision in the Ohio Constitution; therefore, purely psychological injuries are compensable workers' compensation claims even when there is no antecedent physical injury.

{¶ 7} "II. The trial court erred to the prejudice of the plaintiff-appellant in that R.C. Section 4123.01(C)(1) does violate appellee's constitutional rights to equal protection and due process of the law.

{¶ 8} "III. The trial court erred to the prejudice of the plaintiff-appellant in that R.C. Section 4123.01(C)(1) does violate Article II, Section 35 of the Ohio Constitution."

"Summary Judgment Standard"

{¶ 9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 506 N.E.2d 212. As such, we must refer to Civ.R. 56, which provides:

{¶ 10} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"

{¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set

forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶ 12} It is based upon this standard that we review appellant's assignments of error.

I

{¶ 13} In his first assignment of error, appellant contends that Section 35, Article II of the Ohio Constitution envisions the compensability of purely psychological conditions, without regard to whether such conditions arise from a compensable physical injury. We disagree.

{¶ 14} Section 35, Article II vests in the General Assembly the right to establish a workers' compensation system. This article of the Ohio Constitution provides:

{¶ 15} "For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease. * * *"

{¶ 16} R.C. 4123.01(C) defines what constitutes an "injury," for purposes of workers' compensation, and what the term "injury" does not include. This statute provides:

{¶ 17} "(C) 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. 'Injury' does not include:

{¶ 18} "(1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease * * *."

{¶ 19} In *Rambaldo v. Accurate Die Casting* (1992), 65 Ohio St.3d 281, 603 N.E.2d 975, the Ohio Supreme Court interpreted the above statute and held that "[i]n the absence of a clearly expressed legislative intent to recognize mental conditions caused solely by work-related stress as occupational diseases within the purview of the Workers' Compensation Act, such mental conditions are not compensable as occupational diseases." Id. at syllabus.

{¶ 20} In reaching its conclusion, the court noted that it is the General Assembly which must address this issue because it is charged with the sole authority under Article II, Section 35 of the Ohio Constitution. Id., 65 Ohio St.3d at 288, 603 N.E.2d 975.

{¶ 21} Subsequently, in *Bunger v. Lawson Co.* (1998), 82 Ohio St.3d 463, 696 N.E.2d 1029, the Ohio Supreme Court specifically addressed the issue of whether an employee may recover, under workers' compensation, for a psychiatric condition that did not result from a physical injury. The court held:

{¶ 22} "[F]or the purposes of R.C. Chapter 4123, psychiatric conditions that do not result from a physical injury do not constitute an 'injury.' Thus, those psychological injuries are not included in the purview of the statute." Id., 82 Ohio St.3d at 464, 696 N.E.2d 1029.

{¶ 23} The court specifically noted that a majority of the states allow compensation to workers for some purely psychological injuries suffered in the workplace, however, Ohio's General Assembly has yet to make such injuries compensable under workers' compensation statutes. Id., 82 Ohio St.3d at 466, 696 N.E.2d 1029. Thus, the court concluded "that R.C. 4123.01(C) and 4123.74 do not foreclose an employee who has suffered purely psychological injuries from pursuing a common-law remedy against [the] employer." Id., 82 Ohio St.3d at 464, 696 N.E.2d 1029.

{¶ 24} However, most recently, in *Bailey v. Republic Engineered Steels, Inc.* (2001), 91 Ohio St.3d 38, 741 N.E.2d 121, the court held that "a psychiatric condition of an employee arising from a compensable injury or occupational disease suffered by a third party is compensable under R.C. 4123.01(C)(1)." Id. at 42, 741 N.E.2d 121. Thus, a psychiatric condition is compensable where a third party suffers a compensable injury or occupational disease.

{¶ 25} These three decisions from the Ohio Supreme Court clearly recognize the General Assembly's authority to define the types of injuries and diseases that are compensable under the workers' compensation statutes. The General Assembly has clearly excluded psychological conditions from the definition of "injury." Irrespective of whether this exclusion makes good public policy, the General Assembly is permitted to make this decision, and it has chosen not to extend coverage for such conditions.

{¶ 26} Therefore, we conclude that Section 35, Article II of the Ohio Constitution does not envision the compensability of purely psychological conditions, without regard to whether such conditions arise from a compensable physical injury.

{¶ 27} Appellant's first assignment of error is overruled.

## II

{¶ 28} Appellant contends, in his second assignment of error, that R.C. 4123.01(C)(1) violates his right to equal protection of the laws. We disagree.

{¶ 29} In support of this argument, appellant maintains that R.C. 4123.01(C)(1) violates equal protection because it prevents employees, with purely psychological conditions that are not the result of a compensable physical injury, from participating in the Workers' Compensation Fund. Appellant also maintains that R.C. 4123.01(C)(1) is not rationally related to any legitimate government interest and, therefore, is unconstitutional. Appellant cites this court's conclusion, in *Bailey v. Republic Engineered Steels, Inc.* (Nov. 1, 1999), Stark App. No. 1999CA00084, 1999 WL 1072194, wherein we held that R.C. 4123.01(C)(1) violates the Equal Protections Clauses of the United States and Ohio Constitutions. Id. at 4, 1999 WL 1072194.

{¶ 30} On appeal to the Ohio Supreme Court, the court specifically stated that "[s]ince there is a constitutional interpretation of the statute, as explained *infra*, the appellate court should have refrained from addressing the constitutional question." *Bailey*, 91 Ohio St.3d at 38, 741 N.E.2d 121, fn. 1. However, this constitutional interpretation was based upon the fact that an injury occurred, albeit to a third party, which resulted in a psychiatric condition for which the employee sought compensation.

{¶ 31} In the case sub judice, we will address appellant's equal protection argument, since it differs factually from *Bailey* in that an injury was not suffered by a third party. We start our analysis with the basic presumption that the statute is constitutional. *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus. Further, where more than one construction of a statute is possible, the court shall adopt the one that preserves its constitutional validity. *Buchman v. Wayne Trace Local School Dist. Bd. of Edn.* (1995), 73 Ohio St.3d 260, 267, 269, 652 N.E.2d 952.

{¶ 32} "A statutory classification which involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clauses of the Ohio and United States Constitutions if it bears a rational relationship to a legitimate governmental interest." *Van Der Veer v. Ohio Dept. of Transp.* (1996), 113 Ohio App.3d 60, 64, 680 N.E.2d 230, overruled on other grounds, *McMullen v. Ohio State Univ. Hospitals* (Sept. 22, 1998), Franklin App. Nos. 97API10–1301 and 97AP110–1324, 1998 WL 655023, citing *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 29, 550 N.E.2d 181.

{¶ 33} Since appellant's argument does not involve a suspect class or a fundamental right, we must analyze appellant's claim under a rational-basis test.

*Van Der Veer,* 113 Ohio App.3d at 65, 680 N.E.2d 230, citing *State ex rel. Abde v. Police & Firemen's Disability & Pension Fund* (June 25, 1996), Franklin App. No. 96APD02–126, 1996 WL 362083. The rational-basis test involves a two-step analysis. We must first identify a valid state interest. Second, we must determine whether the method or means by which the state has chosen to advance that interest is rational. *Van Der Veer,* 113 Ohio App.3d at 65, 680 N.E.2d 230, citing *Buchman,* 73 Ohio St.3d at 267, 652 N.E.2d 952. Thus, provided the statutory framework is rationally related to a legitimate government interest, it will be upheld. *Connors v. Sterling Milk Co.* (1993), 98 Ohio App.3d 711, 715, 649 N.E.2d 856.

{¶ 34} Other courts throughout the state that have addressed this issue have concluded that the exclusion for mental stress in the absence of a contemporaneous physical injury does not violate the Equal Protection Clause of the United States Constitution or the Ohio Constitution. In reaching this conclusion, the courts have stated:

{¶ 35} "(1) [T]he state has a legitimate interest in maintaining the self-supporting nature of its Workers' Compensation Fund; (2) the state has a legitimate interest in distributing the available resources to the disabilities determined by the state to be covered rather than to cover all disabilities inadequately; and (3) the state has a legitimate interest in maintaining a contribution rate at a level that will not unduly burden participating employers." *Connors,* 98 Ohio App.3d at 715, 649 N.E.2d 856. See, also, *Andolsek v. Kirtland* (1994), 99 Ohio App.3d 333, 650 N.E.2d 911; *Fields v. Youngstown* (May 30, 1989), Mahoning App. No. 88 CA 89, 1989 WL 59014; *Neil v. Mayfield* (July 22, 1988), Montgomery App. No. CA 10881, 1988 WL 76179; *Zaricki v. Laco Die Casting Co.* (July 8, 1982), Cuyahoga App. No. 44254, 1982 WL 2468.

{¶ 36} Accordingly, we conclude that R.C. 4123.01(C)(1) does not violate the Equal Protection Clause of the United States and Ohio Constitutions.

{¶ 37} Appellant's second assignment of error is overruled.

### III

{¶ 38} In his third assignment of error, appellant maintains that R.C. 4123.01(C)(1) violates Section 35, Article II of the Ohio Constitution. We disagree.

{¶ 39} Appellant argues that Section 35, Article II of the Ohio Constitution requires the General Assembly to recognize psychological conditions as compensable injuries. A review of Section 35, Article II reveals that the provision authorizes the General Assembly to define what constitutes a compensable injury or occupational disease. This provision does not require the General Assembly to

adopt specific definitions. This is evidenced by the fact that the General Assembly chose to define the terms "injury" and "occupational disease" in such a way as to exclude psychological conditions not arising from compensable physical injury. This decision is within the General Assembly's discretion. Thus, R.C. 4123.01(C)(1) does not violate Section 35, Article II of the Ohio Constitution.

{¶ 40} The trial court properly granted the Highway Patrol's and bureau's motions for summary judgment and denied appellant's motion for summary judgment.

{¶ 41} Appellant's third assignment of error is overruled.

{¶ 42} For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.

Judgment affirmed.

FARMER, P.J., concurs.

EDWARDS, J., concurs separately.

EDWARDS, Judge, concurring.

{¶ 43} I concur with the opinion of the majority in the case sub judice. I write separately only to acknowledge that I was on the panel in *Bailey v. Republic Engineered Steels, Inc.* (2001), 91 Ohio St.3d 38, 741 N.E.2d 121, when it was considered by the Fifth District Court of Appeals.

{¶ 44} After a reconsideration of the constitutional issue, which was only dicta in *Bailey,* I have changed my position on the constitutionality of R.C. 4123.01(C)(1).