{¶ 30} I concur in the majority's disposition of appellant's first assignment of error. However, I respectfully dissent from the majority's analysis and disposition of the second and third assignment of error.
 {¶ 31} I would find that R.C. 4123.01(C)(1) does not violate appellee's constitutional rights to equal protection or due process of law. Upon application of the rational basis test, I would find that there are legitimate interests involved in the legislature's exclusion of workers' compensation benefits for surely psychological injuries, albeit primarily financial interests and that R.C. 4123.01 is a rational means to advance those interests. See Wood v. Ohio State Highway Patrol,
Tuscarawas App. No. 2003 AP 09 0075, 2004-Ohio-1765.
 {¶ 32} The majority finds that such financial interests are not enough. Although I was a member of the Bailey panel, upon revisiting the issue, I would find that the cases relied upon inBailey and by this majority for the proposition that financial interests are not a rational basis for disparate treatment are factually distinguishable and inapplicable to the facts in this case. Here, the issue is whether the injuries suffered should be covered by workers' compensation. In Patterson and Nyitray, the injuries suffered were clearly covered by workers' compensation. The issues in those cases concerned the amount of benefit to which the claimants were entitled. Thus, when the Ohio Supreme Court stated that conserving funds was not a valid basis to deny compensation to those entitled, I believe it was saying that conservation of funds was not a valid reason to fail to pay benefits when it was at the expense of those who were otherwise entitled to compensation. See Liposchak v. Administrator Bureauof Workers' Compensation (2000), 138 Ohio App.3d 368,741 N.E.2d 537. In Patterson, there was a constitutional challenge based upon the award of lesser benefits to an employee that was a "work relief" employee than would be awarded to a non-work relief employee for the same injury. In Nyitray, the constitutional challenge was based upon the failure to pay accrued but unpaid workers' compensation benefits when a worker died from work related causes but which were paid when a worker died of non-work related causes. Paul Nyitray had been granted an amount for temporary total disability, but had not yet received that amount when he died as a result of the work related injury. Nyitray's widow's request for that money was denied, but would have been granted had Nyitray died of a noncompensable injury. (Nyitray's widow did receive death benefits from Workers' Compensation.) The Ohio Supreme court found that conserving funds was not a viable basis for denying compensation to those entitled to it. Thus, I would find Patterson and Nyitray are materially distinguishable and not determinative.
 {¶ 33} As to the third assignment of error, I would find that R.C. 4123.01(C)(1) does not violate Article II, Section 35 of the Ohio Constitution. See Wood v. Ohio State Highway Patrol,
supra.
 {¶ 34} Accordingly, I would reverse the judgment of the trial court and remand the matter.