Lanzinger, J.
{¶ 1} The question presented is whether R.C. 4123.01(C)(1) violates equal protection by excluding psychological or psychiatric injuries from workers’ compensation coverage. We hold that it does not.
Facts and Procedure
{¶ 2} Appellee, Kimberly McCrone, was an employee of Bank One Corporation from 1998 to 2001. During her employment, the branch in which she worked was robbed twice. At the first robbery on December 20, 2000, McCrone was present but was not the teller involved; however, she was the teller robbed on August 4, 2001. Although McCrone returned to work without claiming adverse effects after *273 the first robbery, after the second she was diagnosed with posttraumatic stress disorder and has not worked for the bank since. She filed for workers’ compensation benefits for her psychological condition stemming from the second robbery, but benefits were denied because she had not suffered a physical injury.[1] McCrone exhausted her administrative appeals and then filed suit in the Court of Common Pleas of Stark County. She challenged R.C. 4123.01(C)(1), the statute that excludes psychological or psychiatric conditions from the definition of “injury” for workers’ compensation purposes, on constitutional grounds, alleging that it violated the Equal Protection and Due Process Clauses of the United States and Ohio Constitutions, as well as Section 35, Article II of the Ohio Constitution.[2]
{¶ 3} The bank filed a motion for summary judgment, which was denied, and R.C. 4123.01(C)(1) was ruled unconstitutional as applied to McCrone. The trial court found that the exclusion of psychological injuries from workers’ compensation coverage was not rationally related to a legitimate governmental interest and thus found an equal protection violation. The Court of Appeals for Stark County affirmed. McCrone v. Bank One Corp., 2nd Dist. No. 2003CA00092, 2004-Ohio-2538, 2004 WL 1111021.
{¶ 4} These cases come before us upon acceptance of a discretionary appeal of the Ohio Bureau of Workers’ Compensation (“BWC”), as well as upon the certification of a conflict from the Court of Appeals for Stark County. We found that a conflict exists. 103 Ohio St.3d 1459, 2004-Ohio-5056, 815 N.E.2d 676.
{¶ 5} The certified question asks “[wjhether R.C. 4123.01(C)(1) violates the Equal Protection Clauses of the United States and Ohio Constitutions, where it excludes from Workers’ Compensation coverage psychological or psychiatric conditions occurring in the course of and arising out of the claimant’s employment, but [which] do not arise from or occur contemporaneously with a compensable physical injury.”
The Equal Protection Clauses
{¶ 6} Pursuant to the Fourteenth Amendment to the United States Constitution, “[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.” In like manner, *274 Section 2, Article I, Ohio Constitution, provides that “[a]ll political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform, or abolish the same, whenever they may deem it necessary; and no special privileges or immunities shall ever be granted, that may not be altered, revoked, or repealed by the General Assembly.” Simply stated, the Equal Protection Clauses require that individuals be treated in a manner similar to others in like circumstances.
{¶ 7} The limitations placed upon governmental action by the federal and state Equal Protection Clauses are essentially the same. See Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v. Cent. State Univ. (1999), 87 Ohio St.3d 55, 60, 717 N.E.2d 286 (confirming that Ohio’s Equal Protection Clause tracks its federal counterpart), reversed on other grounds (1999), 526 U.S. 124, 119 S.Ct. 1162, 143 L.Ed.2d 227; Porter v. Oberlin (1965), 1 Ohio St.2d 143, 151-152, 30 O.O.2d 491, 205 N.E.2d 363; State ex rel. Struble v. Davis (1937), 132 Ohio St. 555, 560, 8 O.O. 552, 9 N.E.2d 684.
{¶ 8} “A statutory classification which involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clause of the Ohio or United States Constitutions [sic] if it bears a rational relationship to a legitimate governmental interest.” Menefee v. Queen City Metro (1990), 49 Ohio St.3d 27, 29, 550 N.E.2d 181. Since no one argues that fundamental rights or suspect classes are implicated in this case, the correct standard to be applied is the rational-basis test. Under this test, “ ‘a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some “reasonable basis,” it does not offend the Constitution simply because the classification “is not made with mathematical nicety or because in practice it results in some inequality.” Lindsley v. Natural Carbonic Gas Co. [1911], 220 U.S. 61, 78 [31 S.Ct. 337, 55 L.Ed. 369].’ ” State ex rel. Nyitray v. Indus. Comm. (1983), 2 Ohio St.3d 173, 179, 2 OBR 715, 443 N.E.2d 962 (Krupansky, J., dissenting), quoting Dandridge v. Williams (1970), 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491.
{¶ 9} The rational-basis test involves a two-step analysis. We must first identify a valid state interest. Second, we must determine whether the method or means by which the state has chosen to advance that interest is rational. See Buchman v. Wayne Trace Local School Dist. Bd. of Edn. (1995), 73 Ohio St.3d 260, 267, 652 N.E.2d 952. A statute will not be held to violate the Equal Protection Clause, and this court will not invalidate a plan of classification adopted by the General Assembly, unless it is clearly arbitrary and unreasonable. State ex rel. Lourin v. Indus. Comm. (1941), 138 Ohio St. 618, 620, 21 O.O. 490, 37 N.E.2d 595, overruled on other grounds, Caruso v. Alum. Co. of Am. (1984), 15 Ohio St.3d 306, 15 OBR 436, 473 N.E.2d 818. Thus, provided that the statute is rationally related to a legitimate government interest, it will be upheld.
*275 {¶ 10} Section 35, Article II of the Ohio Constitution vests in the General Assembly the right to establish a workers’ compensation system. It provides: “For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen’s employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease.”
{¶ 11} McCrone claims that her equal protection rights have been violated because she is unable to benefit from workers’ compensation coverage, since she has suffered no physical injury. First we must examine the statutory definition at issue.
Definitions and Classifications of Injury
{¶ 12} The General Assembly first defined the word “injury” for workers’ compensation purposes as “any injury received in the course of, and arising out of, the injured employee’s employment.” G.C. 1465-68, 117 Ohio Laws 109, effective July 10, 1937. In 1959, the following italicized language was added to the term “injury” in R.C. 4123.01(C): “ ‘Injury’ includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee’s employment.” Am.Sub.H.B. No. 470, 128 Ohio Laws 743, 745, effective November 2, 1959.
{¶ 13} In 1986, R.C. 4123.01(C) was amended to define what constitutes a workers’ compensation injury and what does not. Am.Sub.S.B. No. 307, 141 Ohio Laws, Part I, 718. R.C. 4123.01(C) provides:
{¶ 14} “ ‘Injury’ includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee’s employment. ‘Injury’ does not include:
{¶ 15} “(1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease.”
{¶ 16} Both before and after these amendments, courts have held that compensable injuries under the workers’ compensation system require a physical component suffered by the claimant.[3] In Malone v. Indus. Comm. (1942), 140 Ohio St. *276 292, 23 O.O. 496, 43 N.E.2d 266, overruled on other grounds, Village v. Gen. Motors Corp. (1984), 15 Ohio St.3d 129, 15 OBR 279, 472 N.E.2d 1079, this court held that the term “comprehends a physical or traumatic damage or harm.” (Emphasis added.) Malone at paragraph one of the syllabus. Conditions suffered by the claimant could be mental disorders, provided that they arose from a physical injury. See, e.g., State ex rel. Clark v. Indus. Comm. (2001), 92 Ohio St.3d 455, 459, 751 N.E.2d 967.
{¶ 17} The Bureau of Workers’ Compensation itself has required a physical injury to the claimant before granting compensation for a psychiatric condition, both before and after the 1986 amendments. See, e.g., Andolsek v. Kirtland (1994), 99 Ohio App.3d 333, 335, 650 N.E.2d 911; Connors v. Sterling Milk Co. (1993), 98 Ohio App.3d 711, 649 N.E.2d 856; Fields v. Youngstown (May 30, 1989), Mahoning App. No. 88 C.A. 89, 1989 WL 59014.
{¶ 18} In Rambaldo v. Accurate Die Casting (1992), 65 Ohio St.3d 281, 287, 603 N.E.2d 975, we discussed whether nonphysical injuries could be claimed as occupational diseases under R.C. 4123.01(C)(1). We held that “[i]n the absence of a clearly expressed legislative intent to recognize mental conditions caused solely by work-related stress as occupational diseases within the purview of the Workers’ Compensation Act, such mental conditions are not compensable as occupational diseases.” Id. at syllabus. Similarly, we now hold that psychological or psychiatric conditions that do not arise from a compensable physical injury or occupational disease are excluded from the definition of “injury” under R.C. 4123.01(C)(1) and from workers’ compensation coverage.
{¶ 19} Because the General Assembly has classified mental conditions as compensable under workers’ compensation laws only when they are accompanied by physical injury, the question becomes whether that classification violates the Equal Protection Clause of either the United States or Ohio Constitution.
Equal Protection Analysis
{¶ 20} Legislative enactments are presumed to be constitutional. State ex rel. Dickman v. Defenbacher (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus. However, the constitutional guarantee of equal protection requires that laws operate equally upon persons who are identified in the same class. State ex rel. Patterson v. Indus. Comm. (1996), 77 Ohio St.3d 201, 204, 672 N.E.2d 1008.
{¶ 21} With the exception of the Court of Appeals for Stark County in this case, all appellate decisions hold that the exclusion of mental injuries from the workers’ compensation definition of “injury” does not violate the Equal Protection *277 Clause of either the United States or Ohio Constitution.[4]
{¶ 22} In this matter, the Court of Appeals for Stark County cited a case in which we held that a claimant could obtain workers’ compensation benefits for a mental condition when a co-worker, rather than the claimant, had suffered a compensable physical injury: Bailey v. Republic Engineered Steels, Inc. (2001), 91 Ohio St.3d 38, 40, 741 N.E.2d 121. McCrone v. Bank One Corp., 2nd Dist. No. 2003CA00092, 2004-Ohio-2538, 2004 WL 1111021, at ¶ 17. In Bailey, the claimant, a forklift operator, had accidentally killed his co-worker and claimed severe depression as a resulting work-related injury. In an atypical holding, the Bailey court held that “[a] psychiatric condition of an employee arising from a compensable injury or an occupational disease suffered by a third party is compensable under R.C. 4123.01(C)(1).” Id. at the syllabus. We now question that holding.
{¶ 23} When the entire definition of “injury” in R.C. 4123.01(C) is examined, it is clear that workers’ compensation covers physical injuries and psychiatric injuries that arise directly out of physical injuries or occupational disease to the claimant. R.C. 4123.01(C) states:
{¶ 24} “ ‘Injury’ includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee’s employment. ‘Injury’ does not include:
{¶ 25} “(1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease.”
{¶ 26} Only three years before Bailey, this court recognized that the limited scope of the workers’ compensation system requires limiting compensability to claims involving physical injury to the claimant. Bunger v. Lawson Co. (1998), 82 Ohio St.3d 463, 465-466, 696 N.E.2d 1029. Bunger was unacknowledged by the Bailey majority. In Bunger, we stated: “The workers’ compensation system was not designed to resolve every dispute that arises between employers and employees. It was designed to manage the compensation of individuals who suffer physical injuries or contract occupational diseases on the job.” Id. at 465, 696 N.E.2d 1029.
{¶ 27} The facts in Bunger are similar to those now before us, for the claimant was seeking benefits for mental stress suffered as a result of a robbery at the workplace. We explained that certain cases were not covered by the workers’ *278 compensation system and observed, “A majority of states allow compensation to workers for some purely psychological injuries suffered in the workplace. * * * Ohio’s General Assembly has yet to make such injuries compensable under workers’ compensation statutes. * * * [Psychological injuries are removed from the coverage of the Act * * *.” Id. at 466, 696 N.E.2d 1029. As we also noted in Rambaldo: “No workers’ compensation claim for a psychological condition, whether the condition was denominated as a disease or an injury, has been recognized by this court when the mental disease or injury was based solely on job-related stress.” Id., 65 Ohio St.3d at 284, 603 N.E.2d 975.
{¶ 28} Thus, in allowing workers’ compensation for a mental condition arising from a third party’s injury, Bailey created an aberration. Nonetheless, even if we were to apply Bailey, physical injury is still required (albeit to a third party) before a claimant’s mental condition becomes compensable. In McCrone’s case, there was no physical injury whatsoever. Any reliance by the appellate court on Bailey was misplaced.
{¶ 29} The General Assembly has defined the types of injuries and diseases that are compensable through workers’ compensation. Psychological or psychiatric conditions, without an accompanying physical injury or occupational disease, are not compensable under R.C. 4123.01(C)(1). We must determine whether this exclusion has a rational basis to support it.
Rational-Basis Standard
{¶ 30} The guarantee of equal protection of the laws requires the existence of rational grounds for making a distinction between those within and those outside a designated class. State v. Buckley (1968), 16 Ohio St.2d 128, 45 O.O.2d 469, 243 N.E.2d 66, paragraph three of the syllabus; Porter v. Oberlin, 1 Ohio St.2d 143, 30 O.O.2d 491, 205 N.E.2d 363, paragraph two of the syllabus. The General Assembly has determined that those who have mental conditions along with a compensable physical injury or occupational disease are covered within the workers’ compensation system, while those claimants with purely psychiatric or psychological conditions are excluded from coverage. Legislative enactments that do not involve a suspect classification are “presumptively rationally related to legitimate social and economic goals, unless the Varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature’s actions were irrational.’ ” State ex rel. Doersam v. Indus. Comm. (1988), 40 Ohio St.3d 201, 203, 533 N.E.2d 321, quoting Vance v. Bradley (1979), 440 U.S. 93, 97, 99 S.Ct. 939, 59 L.Ed.2d 171.
{¶ 31} Here, the court of appeals rejected cost-based reasons to justify the statute, citing State ex rel. Patterson v. Indus. Comm. (1996), 77 Ohio St.3d 201, 672 N.E.2d 1008, and State ex rel. Nyitray v. Indus. Comm., 2 Ohio St.3d at 177, *279 2 OBR 715, 443 N.E.2d 962. McCrone, Stark App. No. 2003CA00092, 2004-Ohio-2538, 2004 WL 1111021, at ¶ 24. As the dissenting judge in McCrone noted, however, in Patterson and Nyitray, the injuries suffered were already covered by workers’ compensation, and the issues related to the amount of benefits to which the claimants were entitled. Id. at ¶ 32 (Edwards, J., dissenting). The Patterson constitutional challenge arose from an award to the dependent of a work-relief employee that was much smaller than the amount awarded to a dependent of a non-work-relief employee for the same injury. Patterson, supra, at the syllabus. The Nyitray challenge was based upon the disparity between paying accrued temporary total disability benefits when an employee died of non-work-related causes yet withholding those benefits when death was due to work-related causes. Id. at the syllabus. We stated that “conserving funds is not a viable basis for denying compensation to those entitled to it.” Id., 2 Ohio St.3d at 177, 2 OBR 715, 443 N.E.2d 962. Here, the question is not whether Kimberly McCrone is entitled to payment of a specific amount of accrued compensation, but whether she is entitled to coverage at all.
{¶ 32} “The problems of government are practical ones and may justify, if they do not require, rough accommodations,- — -illogical, it may be, and unscientific.” Metropolis Theater Co. v. Chicago (1913), 228 U.S. 61, 69-70, 33 S.Ct. 441, 57 L.Ed. 730. “A statutory discrimination will not be set aside if any state of facts reasonably may be conceived .to justify it.” McGowan v. Maryland (1961), 366 U.S. 420, 426, 81 S.Ct. 1101, 6 L.Ed.2d 393; Dandridge v. Williams, 397 U.S. at 485, 90 S.Ct. 1153, 25 L.Ed.2d 491. Our focus of inquiry, therefore, is whether there exist any reasonable bases for the disputed legislative classification.
Reasons for Classification of Injuries
{¶ 33} In support of R.C. 4123.01(C)(1), the BWC argues that it is reasonable to classify psychological and psychiatric conditions differently from those accompanied by physical injury because it is often difficult to prove the existence of, as well as the cause of, mental injuries. McCrone relies on Ryan v. Connor (1986), 28 Ohio St.3d 406, 28 OBR 462, 503 N.E.2d 1379, paragraph one of the syllabus (workplace injury resulting solely from stress is compensable under R.C. 4123.01(C)), seeming to suggest that we have rejected all problems of proof associated with psychological and psychiatric claims. However, she ignores that it was a stress-related physical injury in Ryan that was held compensable. In mental injury claims, the problem arises of establishing the existence of the injury itself. Although a physical injury may or may not cause a psychological or psychiatric condition, it may furnish some proof of a legitimate mental claim. McCrone also cites Schultz v. Barberton Glass Co. (1983), 4 Ohio St.3d 131, 4 OBR 376, 447 N.E.2d 109, for the proposition that we have rejected problems of proof. But Schultz is a tort case, where fear of fraudulent claims was not *280 considered to be a valid reason to disallow a claim for negligent infliction of emotional distress when a physical injury was not present. Id. at 133-134, 447 N.E.2d 109, 4 OBR 376. As Schultz was not a workers’ compensation case, its reasoning is not applicable here.[5]
{¶ 34} The BWC also emphasizes the government’s interest in making the most efficient use of a finite fund. Section 35, Article II of the Ohio Constitution gives the General Assembly the sole authority to determine coverage and to define which occupational injuries will be covered. Rambaldo, 65 Ohio St.3d at 288, 603 N.E.2d 975. Applying the rational-basis test to this justification for the exclusion of psychological or psychiatric conditions, we conclude that the state has a legitimate interest. It is reasonable to expect government to protect the self-supporting nature of the Workers’ Compensation Fund, to distribute available resources so that benefit payments are kept at an adequate level for covered injuries rather than at an inadequate level for all potential disabilities, and to maintain a contribution rate not unduly burdensome to participating employers.[6]
{¶ 35} The BWC thus offers legitimate reasons that relate to the constitutional purpose underlying the workers’ compensation statute. It cannot be said that denying workers’ compensation benefits to claimants who simply allege mental disorders or emotional stress due to their jobs is irrational, particularly when the requirement of a physical injury enables the state to distribute the limited resources of the fund to disabilities determined by the state to be covered. McCrone has not shown that the reasons advanced to support the distinctions drawn by the General Assembly are invalid.
{¶ 36} We accept the appellant Bureau of Workers’ Compensation’s position and hold that R.C. 4123.01(C)(1) does not violate the Equal Protection Clauses of the United States and Ohio Constitutions by excluding from the definition of “injury” psychological or psychiatric conditions that do not arise from a compensable physical injury or occupational disease.
*281 Conclusion
{¶ 37} Undoubtedly, psychological and psychiatric injuries may arise from an individual’s employment, and we do not discount their impact on those who suffer them. The General Assembly, however, is the branch of state government charged by the Ohio Constitution to make public policy choices for the Workers’ Compensation Fund. The legislatively created scheme sets forth a framework to determine which disabilities will be covered by the compensation system and which disabilities will not. Requiring that a mental disorder be incident to a physical injury or the contraction of an occupational disease is rationally related to legitimate governmental interests. As we noted in Bunger, “[t]he workers’ compensation system was not designed to resolve every dispute that arises between employers and employees. It was designed to manage the compensation of individuals who suffer physical injuries or contract occupational diseases on the job.” Id., 82 Ohio St.3d at 465, 696 N.E.2d 1029. At some point, the General Assembly may determine that psychological or psychiatric conditions arising in the workplace are compensable without regard to attendant physical injury or occupational disease. Until then, however, claims for such conditions are limited to the extent that R.C. 4123.01(C)(1) provides.
{¶ 38} Appellee Kimberly McCrone has not met her burden to show that the state’s reasons for the statutory exclusion are invalid. We therefore reverse the appellate court’s finding of unconstitutionality, because R.C. 4123.01(C)(1) rationally advances legitimate governmental interests.
Judgment reversed and cause remanded.
Moyer, C.J., Lundberg Stratton, O’Connor and O’Donnell, JJ., concur.
Resnick and Pfeifer, JJ., dissent.

. Fortunately, it does not appear that anyone was harmed on that occasion.

. As the arguments concerning due process and the violation of Section 35, Article II were not raised in a proposition of law or in the certified conflict, we limit the constitutional analysis to the equal protection claim.

. See Kerans v. Porter Paint Co. (1991), 61 Ohio St.3d 486, 489, 575 N.E.2d 428; Rambaldo v. Accurate Die Casting (1992), 65 Ohio St.3d 281, 287, 603 N.E.2d 975; Bunger v. Lawson Co. (1998), 82 Ohio St.3d 463, 466, 696 N.E.2d 1029.

. Wood v. Ohio State Hwy. Patrol, 156 Ohio App.3d 725, 2004-Ohio-1765, 808 N.E.2d 887; Crutcher v. Butler Twp. (1999), 135 Ohio App.3d 582, 735 N.E.2d 25; Chrisulis v. U.S.X. Corp. (June 29, 1994), Lorain App. Nos. 93CA005599 and 93CA005618, 1994 WL 286156; Andolsek v. Kirtland (1994), 99 Ohio App.3d 333, 650 N.E.2d 911; Connors v. Sterling Milk Co. (1993), 98 Ohio App.3d 711, 649 N.E.2d 856; Fields v. Youngstown (May 30, 1989), Mahoning App. No. 88 C.A. 89, 1989 WL 59014; Neil v. Mayfield (July 22, 1988), Montgomery App. No. CA 10881, 1988 WL 76179; Zaricki v. Laco Die Casting Co. (July 8, 1982), Cuyahoga App. No. 44254, 1982 WL 2468.

. The workers’ compensation system, nonetheless, is not the exclusive potential remedy for mental injuries. This court determined in Bunger v. Lawson Co. (1998), 82 Ohio St.3d 463, 465-466, 696 N.E.2d 1029, that, because these claims are excluded from workers’ compensation, an employee can bring a private claim in tort for which the employer does not have immunity.

. This is the general rationale that has been accepted in the following cases: Wood v. Ohio State Hwy. Patrol, 156 Ohio App.3d 725, 2004-Ohio-1765, 808 N.E.2d 887; Chrisulis v. U.S.X. Corp. (June 29, 1994), Lorain App. Nos. 93CA005599 and 93CA005618, 1994 WL 286156; Andolsek v. Kirtland (1994), 99 Ohio App.3d 333, 650 N.E.2d 911; Connors v. Sterling Milk Co. (1993), 98 Ohio App.3d 711, 649 N.E.2d 856; Fields v. Youngstown (May 30, 1989), Mahoning App. No. 88 C.A. 89, 1989 WL 59014; Neil v. Mayfield (July 22, 1988), Montgomery App. No. CA 10881, 1988 WL 76179; Zaricki v. Laco Die Casting Co. (July 8, 1982), Cuyahoga App. No. 44254, 1982 WL 2468.