OPINION
{¶ 1} Defendant Bank One Corporation [hereinafter appellant] appeals from the summary judgment of the Stark County Court of Common Pleas entered in favor of plaintiff Kimberly McCrone. In denying the appellant's motion for summary judgment, the trial court found R.C. 4123.01 unconstitutional as applied to the facts of the case. Appellant assigns three errors to the trial court:
 {¶ 2} "I. Under Ohio revised code [section] 4123.01(C)(1), purely psychological injuries are not compensable workers' compensation claims when there is no physical injury.
 {¶ 3} "II. R.C. 4123.01(C)(1) does not violate plaintiff's Constitutional rights to equal protection or due process of law.
 {¶ 4} "III. R.C. 4123.01(C)(1) does not violate article II, Section 35 of the Ohio Constitution."
 {¶ 5} Appellee was employed by appellant and worked at a branch office. On August 4, 2001, appellee was working as a bank teller at the branch bank when the bank was robbed. The robber approached appellee's window and demanded money.
 {¶ 6} This was not appellant's first robbery at the branch. A prior robbery occurred in December, 2000, while appellee was working as a customer service associate. However, appellee suffered no adverse affects or injuries from that robbery. Appellee was not physically injured during this robbery. As a result of the second robbery, appellee sought counseling and was diagnosed with post-traumatic stress disorder.
 {¶ 7} Appellee filed an application for Workers' Compensation for post-traumatic stress disorder. Appellant, a self-insured employer, rejected the claim as non-compensable, relying upon R.C. 4123.01(C). Appellee appealed and her claim was denied at all administrative stages.
 {¶ 8} Appellee appealed to the Industrial Commission of Ohio. The Commission refused the appeal without comment. Appellee then filed the action herein, pursuant to R.C. 4123.512, alleging she had a right to participate in the Workers' Compensation Fund and R.C. 4123.01(C)(1) was unconstitutional.
 {¶ 9} Appellant moved for summary judgment, arguing appellee was not entitled to participate in the Workers' Compensation Fund, pursuant to R.C. 4123.01(C)(1) and R.C. 4123.01(C)(1) was constitutional. In its Judgment Entry filed February 20, 2003, the trial court declared R.C. 4123.01 was unconstitutional as applied to the facts of the case. Accordingly, the trial court found appellant was not entitled to judgment as a matter of law and denied appellant's motion for summary judgment. The trial court also found no just cause for delay, pursuant to Civ. R. 54(B).
 {¶ 10} Civ. R. 56 states:
 {¶ 11} (C) Motion and proceedings:
 {¶ 12} "The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. The parties agree the case presents no genuine issue of material fact, and thus the only question for us is how Ohio law applies to this set of circumstances.
 I, II, III {¶ 13} In the first assignment of error, appellant alleges purely psychological injuries are not compensable under the Ohio's Workers' Compensation system if there is no physical injury involved, pursuant to R.C. 4123.01(C)(1). In the second assignment of error, appellant asserts R.C. 4123.01(C)(1), which excludes purely psychological injuries from coverage under the Workers' Compensation System does not violate appellee's constitutional right to equal protection or due process of law. In the third assignment of error, appellant argues R.C.4123.01(C)(1) does not violate Art. II, Sec. 35 of the Ohio Constitution. We find because they are interrelated, it is best to address all of appellant's assignments of error in one analysis.
 {¶ 14} Art. II, Sec. 35 of the Ohio Constitution, which establishes the Ohio Workers' Compensation system, states in pertinent part:
 {¶ 15} "For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease. Laws may be passed establishing a board which may be empowered to classify all occupations, according to their degree of hazard, to fix rates of contribution to such fund according to such classification, and to collect, administer and distribute such fund, and to determine all rights of claimants thereto. Such board shall set aside as a separate fund such proportion of the contributions paid by employers as in its judgment may be necessary, not to exceed one per centum thereof in any year, and so as to equalize, insofar as possible, the burden thereof, to be expended by such board in such manner as may be provided by law for the investigation and prevention of industrial accidents and diseases. Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the general assembly or in the form of an order adopted by such board, and its decision shall be final; and for the purpose of such investigations and inquiries it may appoint referees. When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to the amount of the compensation that may be awarded on account of such injury, disease, or death, and paid in like manner as other awards; and, if such compensation is paid from the state fund, the premium of such employer shall be increased in such amount, covering such period of time as may be fixed, as will recoup the state fund in the amount of such additional award, notwithstanding any and all other provisions in this constitution."
 {¶ 16} Pursuant to Art. II, Section 35, The Ohio Legislature instituted Chapter 4123 of the Ohio Revised Code. R.C. 4123.01(C)(1) defines an injury, for purposes of the Workers' Compensation benefits, as: ". . . any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. "Injury" does not include . . . [p]sychiatric conditions except where the conditions have arisen from an injury or occupational disease. . . ."
 {¶ 17} Thus, historically, in order to obtain Workers' Compensation benefits for psychological injuries, the claimant was required to show the psychological injury arose from a physical injury to the claimant. Recently, however, the Ohio Supreme Court interpreted R.C. 1123.01(C)(1) and held a claimant is entitled to Workers' Compensation benefits for psychological injuries when a co-worker suffered a physical injury. Bailey v.Republic Engineered Steels, Inc., 91 Ohio St.3d 38, 41,2001-Ohio-236, 741 N.E.2d 121.
 {¶ 18} In this case, the parties agree that neither appellee nor a co-worker suffered a physical injury. The trial court found the plain, unambiguous meaning of the statute barred appellee's claim. We agree, and we observe but for the constitutional challenge to the statute, appellant would have prevailed in the trial court.
 {¶ 19} We find appellant's first assignment of error is moot, because it does not address any error of the trial court, nor does it address the issue of this case, namely, the constitutionality of the statute as applied to this case.
 {¶ 20} Appellant's second assignment of error concerns the constitutionality of R.C. 4123.01 as applied to this case. The trial court found the statute is unconstitutional, relying upon this court's analysis in Bailey v. Republic Engineered Steels,Inc., Stark App. No. 1999CA00084, 1999 WL 1072194, affirmed on other grounds by 91 Ohio St.3d 38, 41, 2001-Ohio-236,741 N.E.2d 121. In Bailey, this court analyzed the constitutionality of R.C. 4123.01 and also analyzed whether R.C. 4123.01 required the claimant suffer the physical injury or whether the claimant could obtain benefits for a psychological injury pursuant to a physical injury to a co-worker. This court concluded R.C. 4123.01(C)(1) was unconstitutional and in order for a claimant to sustain an injury as defined in R.C. 4123.01 there may be an injury to a co-worker, not necessarily a physical injury to the claimant. Upon review, the Ohio Supreme Court agreed the statute merely required there be a physical injury to a co-worker. In so doing, the Supreme Court stated this court had no need to pass on the constitutionality of the statute in order to resolve the matter. Thus, the Supreme Court neither affirmed nor reversed this court's reasoning on the constitutional question posed in Bailey.
In Bailey, this court stated:
 {¶ 21} We are mindful of the fundamental principle all legislative enactments are presumed constitutional. Adamsky v.Buckeye Local Sch. Dist. (1995), 73 Ohio St.3d 360, 361,653 N.E.2d 212. We are also aware "discrimination against individuals or groups is sometimes an inevitable result of the operation of a statute." Roseman v. Firemen Policemen's Death Benefits Fund
(1993), 66 Ohio St.3d 443, 446, 613 N.E.2d 574. "The mere fact that a statute discriminates does not mean that the statute must be unconstitutional." Id. at 446-447, 613 N.E.2d 574. "However, all laws, including legislation involving Workers' Compensation, are subject to the limitations imposed by the Equal Protection Clauses of the United States and Ohio Constitutions. " State exrel. Patterson v. Industrial Comm'n (1996), 77 Ohio St.3d 201,204, 672 N.E.2d 1008. (Citation omitted). The guarantees of theFourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution require all similarly situated individuals subject to legislation be treated in a similar manner. State ex rel. Doersam v. Industrial Comm'n
(1989), 45 Ohio St.3d 115, 119, 543 N.E.2d 1169. (Citation omitted). Equal protection of the laws also requires the existence of reasonable grounds for making a distinction between those within and those outside a designated class. State v.Buckley (1968), 16 Ohio St.2d 128, 243 N.E.2d 66, paragraph 3 of syllabus. "The `reasonableness' of a statutory classification is dependant upon the purpose of the Act." State ex rel. Nyitray v.Industrial Comm'n (1983), 2 Ohio St.3d 173, 175, 443 N.E.2d 962.
 {¶ 22} In Nyitray, supra, the Ohio Supreme Court explained the purpose of the Workers' Compensation Act. The Nyitray Court stated, "Ohio's Workers' Compensation System is predicated upon Section 35, Article II of the Ohio Constitution, which states that the purpose of Workers' Compensation is to compensate `workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment * * *'." Id. Clearly, the purpose of R.C. Chapter 4123, including R.C. 4123.01(C)(1), is to fulfill these objectives. However, the statutory classification which exists in R.C. 4123.01(C)(1), as interpreted by other appellate districts and as no doubt intended by the Legislature, precludes compensation to the class represented by appellant — employees who suffer psychiatric conditions not arising from a compensable injury to or occupational disease suffered by themselves — while allowing compensation to employees who suffer psychiatric conditions arising from a compensable injury to or occupational disease suffered by a co-worker.
 {¶ 23} Relying on Kinney v. Kaiser Aluminum ChemicalCorp. (1975), 41 Ohio St.2d 120, 124, 322 N.E.2d 880, the Nyitray Court noted "legislation could be upheld if it was shown that the statutory prerequisites were rationally related to the accomplishment of some state objective at least as important as the purpose contained in [Section 35, Article II of the Ohio] Constitution * * * and reflected in the statute." Id. at 176,443 N.E.2d 962. "[A] classification of persons will not be suspect when the law establishing the classification relates to a legitimate governmental purpose." Doersam, supra at 120,543 N.E.2d 1169. Because R.C. 4123.01(C)(1), as interpreted, creates a separate classification of employees based solely upon whether the psychiatric condition arises from a compensable injury to or occupational disease suffered by the employee, "[t]he statute does not treat similarly situated persons — all employees [who suffer work related psychiatric conditions] * * * — in a similar manner." Patterson, supra at 206, 672 N.E.2d 1008. (Emphasis added). "Thus, we must determine whether this disparate treatment is based upon `any legitimate governmental purpose. If it was, then the legislation meets constitutional muster. If not, then a violation of equal protection must be found'." Id.
 {¶ 24} In its Brief to this Court, Bank One relies upon a number of unreported decisions from other districts in which the rational basis test was applied to equal protection challenges to the denial of Workers' Compensation benefits to claimants with work related psychiatric conditions. In each case, the Courts of Appeals found: (1) the state has a legitimate interest in maintaining the self-supporting nature of its Workers' Compensation Fund; (2) the state has a legitimate interest in distributing the available resources to the disabilities determined by the state to be covered rather than to cover all disabilities inadequately; and (3) the state has a legitimate interest in maintaining a contribution rate at a level that will not unduly burden participating employers.
See, Chrisulis v. U.S.X. Corp., supra; Fields v. City ofYoungstown, supra; Neil v. Mayfield, supra; and Zaricki v.Laco Die Casting Co., supra. We find the "legitimate" governmental interests found by other appellate districts to be predicated solely upon economic or cost-based reasons. Thus, "it would appear that the only reason for retaining the alternate compensation scheme and denying compensation to the class represented by [appellant] is to reduce the cost to the Workers' Compensation System." Nyitray, supra at 177, 443 N.E.2d 962. However, the Ohio Supreme Court has "rejected classifications in legislation to ensure the financial security of the Workers' Compensation insurance fund." Patterson, supra at 206,672 N.E.2d 1008. (Citation omitted). In fact, the Ohio Supreme Court has specifically held "conserving funds is not a viable basis for denying compensation to those entitled to it." Nyitray, supra at 177, 443 N.E.2d 962.
 {¶ 25} Appellee has not proffered a non-economic rational basis to justify the disparate treatment. We find the denial of compensation of employees who suffer psychiatric conditions which do not arise from a compensable injury to or occupational disease suffered by that employee is inherently unfair and contrary to the purposes of compensating workers as set forth in Section 35, Article II of the Ohio Constitution.
 {¶ 26} "Upon review, we agree with our previous analysis inBailey and the reasoning of the trial court. We find no rational basis upon which to discriminate between psychological injuries arising from a physical injury to the claimant or a co-worker and those which are purely psychological in nature. Both have suffered a work related injury and both should be entitled to Workers' Compensation, assuming they can otherwise support their claim.
 {¶ 27} In the third assignment of error, appellant contends R.C. 4123.01(C)(1)'s preclusion of pure psychological injuries does not violate Art. II, Sec. 35 of the Ohio Constitution because the Legislature was given authority to establish the terms and conditions of the Workers' Compensation System. Because we find R.C. 4123.01(C)(1)'s preclusion of pure psychological injuries violates equal protection, whether R.C. 4123.01(C)(1) violated Art. II, Sec. 35 is moot.
 {¶ 28} In conclusion, we find that there is no rational reason to preclude psychological injuries which arise in the course and scope of a worker's employment from Workers' Compensation coverage simply because the psychological injury did not arise from a physical injury to the worker (claimant) or a co-worker. As such, this court finds that R.C. 4123.01(C)(1) is unconstitutional as applied to the facts herein. Accordingly, the trial court did not err when it denied appellant's motion for summary judgment.
 {¶ 29} Each of the assignments of error is overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, P.J., and Boggins, J. concur; Edwards J., dissents.