DECISION AND JUDGMENT ENTRY
{¶ 1} Melissa Ireland appeals the denial of her claims for workers' compensation benefits for a psychological condition that arose after she mistakenly perceived a coworker was going to suffer an injury. In fact, neither she nor the coworker received any physical harm. Adhering to the Supreme Court of Ohio's decision in McCrone v. Bank One Corp. (2005),107 Ohio St.3d 272, 839 N.E.2d 1, 2005-Ohio-6505, we conclude that psychological conditions that do not arise from a compensable physical injury are excluded from the statutory definition of "injury".
 {¶ 2} Ireland also contends that R.C. 4123.01(C)(1) violates the Equal Protection Clauses of the United States and Ohio Constitutions by excluding psychological conditions that do not arise from a compensable physical injury from the statutory definition of "injury". Based upon McCrone, which expressly rejected this contention, we find no merit in this argument.
 {¶ 3} While working at the Southern Ohio Correctional Facility (SOCF) as a Corrections Officer, Ireland suffered a psychological injury that arose from an incident on the L-6 cell block. While Ireland was in the control area and her partner Chris Hutchinson searched a cell, she heard Hutchinson call out over the "range phone" that an inmate had verbally threatened him. Ireland then saw Hutchinson push the inmate out of the cell, so she closed the cell door from her position in the control room in order to protect Hutchinson from the inmate. Hutchinson has suffered from a number of psychological conditions since the date of this incident. However, neither Hutchinson nor Ireland suffered any physical injuries from the incident.
 {¶ 4} The Ohio Bureau of Workers' Compensation (BWC) and the Industrial Commission of Ohio (ICO) denied Ireland's claims for workers' compensation benefits. After Ireland appealed to the Scioto County Common Pleas Court, SOFC filed a motion for summary judgment contending that a mental injury occasioned solely from job stress is not compensable according to the definition of injury under R.C. 4123.01(C). The court granted SOFC's motion.
 {¶ 5} Ireland asserts the following assignments of error on appeal:
ERROR #1: In granting Defendant SOCF's Motion for Summary Judgment, the trial Court erred in its interpretation of the decision in Bailey v. Republic Engineered Steels, Inc.,91 Ohio St.3d 38, 41, 2001-Ohio-236, 741 N.E.2d 121 by specifically failing to recognize that the Bailey Decision's logical underpinning supports allowance of purely psychological injuries where there is a perceived injury to a third party.
ERROR #2: In granting Defendant SOCF's Motion for Summary Judgment, the trial Court erred in specifically failing to note and apply the Fifth Appellate District's decision in Bailey v.Republic Engineered Steels, Inc., (1999), 91 Ohio St.3d 38, affirmed on other grounds by 91 Ohio St.3d 38, 41, 2001-Ohio-236,741 N.E.2d 121, in which the Fifth District declared the definition in 4123.01(C)(1) unconstitutional as violative on the Equal Protection Clauses of both the Ohio and U.S. Constitutions.
ERROR #3: In granting Defendant SOCF's Motion for Summary Judgment, the trial Court erred in specifically failing to correctly interpret R.C. 4123.01(C)(1) as violative of Plaintiff's Constitutional Rights to Equal Protection and Due Process Law.
The issues Ireland raises deal with the interpretation of a statute and its constitutionality, matters that we review on a de novo basis.
 I. Purely Psychological Injuries {¶ 6} Ireland contends that the trial court erred in failing to extend the holding in Bailey v. Republic Engineered Steels,Inc. (2001), 91 Ohio St.3d 38, 741 N.E.2d 121, 2001-Ohio-236, which stated that "[a] psychiatric condition of an employee arising from a compensable injury or an occupational disease suffered by a third party is compensable under R.C. 4123.01(C)(1)." Id. at the syllabus.
 {¶ 7} R.C. 4123.01(C)(1) provides:
`Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. `Injury' does not include: (1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease.
Ireland contends that public policy rationale in Bailey
opened the door to finding the statutory defining of an "injury" is broad enough to include purely psychological injuries even in the absence of any physical harm to anyone. However, Bailey is neither directly applicable nor analogous to the facts of this case. Nor do the public policy arguments upon which it is based carry the day in light of the Supreme Court's subsequent decision in McCrone, supra.
 {¶ 8} In Bailey, the Court held that the claimant could obtain workers' compensation benefits for a mental condition he suffered as the result of accidentally killing a co-worker with a forklift. Bailey's psychiatric condition was compensable because it arose directly from a compensable injury, i.e., the death of a third party/co-worker. Here, Ireland's mental condition resulted from her perception that an injury occurred to her co-worker, when, in fact, no one actually suffered any physical injury from the incident. Bailey held that a psychological condition may be compensable if it resulted from another employee's compensable physical injury. Because no employee suffered a compensable physical injury during this incident, Bailey does not apply.
 {¶ 9} Furthermore, the Ohio Supreme Court expressly held inMcCrone v. Bank One Corp., (2005), 107 Ohio St.3d 272,839 N.E.2d 1107, 2005-Ohio-6505 that "[p]sychological or psychiatric conditions that do not arise from a compensable physical injury or occupational disease are excluded from the definition of `injury' under R.C. 4123.01(C)(1) and from workers' compensation coverage." Id., at paragraph one of the syllabus. After questioning the holding in Bailey, Id. at 277, the court characterized it as an aberration and indicated that even if it were to apply to Bailey, "a physical injury is still required * * * before a claimant's mental condition becomes compensable."Id. at 298.
 {¶ 10} However, in her supplemental brief, Ireland contends that the Court's holding in McCrone does not control the outcome of her case. First, she contends that her psychological condition is compensable based on the holding in Ryan v. Connor
(1986), 28 Ohio St.3d 406, 503 N.E.2d 1379. Ryan held that physical workplace injuries resulting solely from stress may be compensable. Ryan suffered a heart attack shortly after being told that he was being involuntarily "retired" . Thus, he suffered a work-related physical injury. Ryan does not stand for the proposition that a stress-related purely psychological
injury is compensable. McCrone, 107 Ohio St.3d at 279,839 N.E.2d 1, 9. Because Ireland suffers from a purely psychological condition as the result of an incident in which she suffered no physical injury, Ryan is inapplicable.
 {¶ 11} Ireland also contends in her supplemental brief thatMcCrone is distinguishable because it is factually different, thus making her case one of first impression. In McCrone, the claimant, a bank teller, sought workers' compensation benefits for psychological conditions that resulted from two robberies. In the first robbery, she was present but not involved. In the second incident, McCrone was the teller who was robbed. Ireland would distinguish McCrone because there the claimant was the person upon whom the threat of physical injury occurred. Here, Ireland was never actually in danger of suffering a physical injury. Rather, she witnessed what she believed to be a physical threat to her partner. While these facts may be distinct from those in McCrone, we do not believe that they require a different outcome. The Court in McCrone clearly stated that an employee cannot recover for purely psychological injuries in the absence of a contemporaneous physical injury to someone.McCrone at paragraph one of the syllabus. We believe the rule applies broadly, regardless of whether the threat of physical injury was against the employee who subsequently suffered a psychological condition, or against a co-worker. If the person who suffers the threat of injury cannot be compensated, it makes little sense to afford coverage to one who is even more remote from that threat.
 II. Equal Protection {¶ 12} Ireland contends that the definition of "injury" contained in R.C. 4123.01(C)(1) violates her rights guaranteed under the Equal Protection and Due Process Clauses of the United States and Ohio Constitutions. However, because Ireland's argument only addresses equal protection issues, we will not conduct a due process analysis. See App.R. 12(A)(2) and App.R. 16(A).
 {¶ 13} Ireland contends that a conflict has arisen between appellate courts in Ohio as to whether R.C. 4123.01(C)(1) is unconstitutional. See Bailey v. Republic Engineered Steels,Inc., 1999 WL 1072194, affirmed on other grounds by91 Ohio St.3d 38, 741 N.E.2d 121. However, the Supreme Court of Ohio has resolved any such conflict in its decision in McCrone, supra. The Court specifically held that "R.C. 4123.01(C)(1) does not violate the Equal Protection Clauses of the United States and Ohio Constitutions by excluding from the definition of "injury" psychological or psychiatric conditions that do not arise from a compensable physical injury or occupational disease." McCrone,
supra, at paragraph two of the syllabus. Accordingly, Ireland's contention that R.C. 4123.01(C)(1) violates the Equal Protection Clauses of the United States and Ohio Constitutions is meritless.
 III. Conclusion {¶ 14} As the Court in McCrone explained:
Undoubtedly, psychological and psychiatric injuries may arise from an individual's employment, and we do not discount their impact on those who suffer them. The General Assembly, however, is the branch of state government charged by the Ohio Constitution to make public policy choices for the Workers' Compensation Fund. The legislatively created scheme sets forth a framework to determine which disabilities will be covered by the compensation system and which disabilities will not. . . . At some point, the General Assembly may determine that psychological or psychiatric conditions arising in the workplace are compensable without regard to attendant physical injury or occupational disease. Until then, however, claims for such conditions are limited to the extent that R.C. 4123.01(C)(1) provides.
Id., at 281. Because we consider McCrone to be controlling here, we must affirm.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and McFarland, J.: Concur in Judgment and Opinion.