Pfeifer, J.,
dissenting.
{¶ 31} This case boils down to whether “arisen from” means the same thing as “caused by.” Given that we are required to liberally construe the provisions of *67 R.C. Chapter 4123 in favor of employees, R.C. 4123.95, I would hold that there is a distinction between the two terms and that the condition in R.C. 4123.01(C)(1) that psychological injuries are compensable only if they have “arisen from” physical injuries requires that the physical and psychological injuries be related but does not necessarily require a direct causal link between the two.
{¶ 32} In McCrone v. Bank One Corp., 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, this court considered whether R.C. 4123.01(C)(1) violated equal protection by excluding psychological or psychiatric injuries from workers’ compensation coverage. This court held that the one substantive reason supporting the continued disparate treatment between workers who suffer psychological injuries in the workplace and workers who suffer physical injuries in the workplace is the issue of proof. That is, it is harder to prove psychological injuries than physical injuries. (The only other rational basis offered in McCrone was that the discrimination saves money.) This court stated, “In mental injury claims, the problem arises of establishing the existence of the injury itself. Although a physical injury may or may not cause a psychological or psychiatric condition, it may furnish some proof of a legitimate mental claim.” (Emphasis added.) Id. at ¶ 33.
{¶ 33} Thus, the court concentrated not on causation, but on the evidence that a contemporaneous physical injury provides that supports the existence of a psychological injury. In this case, we have no issue of proof. Armstrong’s employer stipulates that Armstrong suffers from posttraumatic-stress disorder (“PTSD”), and there is no dispute that the accident occurred while Armstrong was on the clock and performing job-related duties. Armstrong suffered a contemporaneous physical injury, which, in the words of McCrone, may or may not have caused a psychological or psychiatric condition, but furnished proof of that condition. Why shouldn’t Armstrong recover?
{¶ 34} Elsewhere in McCrone, this court discounted the requirement of a direct causal link between the physical injury and the compensable psychological trauma. Instead, the physical injury and psychological injury need only have arisen from the same series of events: “Psychological or psychiatric conditions, without an accompanying physical injury or occupational disease, are not compensable under R.C. 4123.01(C)(1).” (Emphasis added.) Id. at ¶ 29. This court also stated that “those who have mental conditions along mth a compensable physical injury * * * are covered within the workers’ compensation system.” (Emphasis added.) Id. at ¶ 30. “Accompanying” and “along with” are entirely different from “caused by.”
{¶ 35} McCrone was decided in 2005; the General Assembly did not make the relevant amendment to R.C. 4123.01(C) until 2006. Thus, the General Assembly knew of this court’s interpretation of the physical-injury requirement for psycho *68 logical injuries when amending the statute. The General Assembly knew that this court had written in McCrone that “a physical injury may or may not cause a psychological * * * condition” but may simply furnish proof thereof, that mental conditions are not compensable “without an accompanying physical injury,” and that workers “who have mental conditions along with a compensable physical injury” are covered under the system. Did the General Assembly change the language of the statute to address this court’s interpretation of the statute that there need not be a direct causal connection between a physical injury and a compensable psychological condition?
{¶ 36} It did not. In neither the present version of the statute nor in its predecessor did R.C. 4123.01(C)(1) require a direct causal connection between physical and psychological injuries. The General Assembly otherwise uses the word “cause” in R.C. 4123.01(C); it uses it in defining “injury” as including an injury “caused by external accidental means.” In that same definition, it uses the phrase “arising out of’ in describing a compensable injury — the injury must be “received in the course of, and arising out of, the injured employee’s employment.” (Emphasis added.) In that use of the phrase “arising out of,” does the General Assembly mean to say that the injury must be caused by the employee’s employment? No — it means that the employee had to be engaged in activity related to his employment when the injury-causing accident occurred in order to receive compensation. Likewise, R.C. 4123.01(C)(1) allows compensation for psychiatric injuries that have “arisen from an injury * * * sustained by that claimant.” (Emphasis added.) The “arisen from” language has the same meaning as earlier in the statute — it requires a relationship between the physical and psychological injuries rather than a direct causal link.
{¶ 37} In Bailey v. Republic Engineered Steels, Inc., 91 Ohio St.3d 38, 741 N.E.2d 121 (2001), syllabus, this court held, “A psychiatric condition of an employee arising from a compensable injury or an occupational disease suffered by a third party is compensable under R.C. 4123.01(C)(1).” In Bailey, the claimant was operating a tow motor and accidentally ran over and killed a coworker. As a result of the accident, Bailey received treatment for severe depression. In Bailey, there was not a direct causal link between the death suffered by the coworker and the claimant’s depression. Rather, it was Bailey’s involvement in and responsibility for the deadly accident that caused his depression. Thus, his psychological injury was related to the accident that caused his coworker’s death. Likewise, in this case, Armstrong’s psychological injuries are related to the accident that caused his own injuries.
{¶ 38} Where does today’s decision leave employees who suffer from PTSD? If an employee is horribly injured in an accident, can he receive compensation only for being depressed over the state of his body but not for psychological injuries *69 due to being haunted by the trauma of the original event? Are those the kind of distinctions the General Assembly really intended — depression over injuries is compensable but psychological effects arising from the accident causing the traumatic injuries is not? Is it not enough that a worker’s broken body provides the “proof’ of psychological injury that this court said the statute requires in McCrone, proof that a specific traumatic event has occurred? Hasn’t Armstrong paid the required pound of flesh?
{¶ 39} Finally, as I set forth in McCrone, I would find that R.C. 4123.01(C)(1) violates the Equal Protection Clauses of the United States and Ohio Constitutions because it allows disparate treatment of persons suffering from psychological injuries. McCrone, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, at ¶ 57 (Pfeifer, J., dissenting).