O’Neill, J.,
dissenting.
{¶ 40} I must respectfully dissent from the well-reasoned majority opinion because this case presents a perfect opportunity to right a wrong in the area of workers’ compensation law. The claimant here was involved in a truly gruesome motor-vehicle accident, in the course and scope of his employment, that left him traumatically psychologically impaired. He witnessed the sudden death of a fellow motorist, and he suffers as a result of that accident to this day. That is what the record reflects. From a legal-analysis standpoint, it is wholly irrelevant whether the psychological condition arose from the accident or from the trauma and drama incident to the allowed physical injuries. Either way, he was injured in the course and scope of his employment. It is that simple.
{¶ 41} As noted by the majority, this issue was addressed, I believe wrongly, to some extent in this court’s earlier decision of McCrone v. Bank One Corp., 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1. In that case, the psychologically injured worker, an employee of a bank that was robbed twice, was denied workers’ compensation benefits because she had not received a contemporaneous physical injury during the traumatic events. That she could not return to work due to having been traumatized at work simply was not enough to entitle her to workers’ compensation benefits.
{¶ 42} Simply stated, the whole theory of workers’ compensation is to ensure that when an injury, whether physical or mental, occurs in the workplace and it is supported by competent medical evidence, it is compensable under the Workers’ Compensation Act. As aptly stated in dissent by Justice Resnick:
Not only are workers’ compensation claims routinely amended to include psychological injuries resulting from previously allowed physical injuries, but the time has long since passed when denying recoveries for “purely *70 psychological” injuries can be excused on grounds of evidentiary difficulties or illusory claims. We are no longer living in the 19th century when it was considered impossible to accurately diagnose psychological injuries.
Id. at ¶ 45.
{¶ 43} On the other hand, if the justification for not allowing psychological injuries is purely economic, drawing the line at psychological injuries that occur simultaneously with a physical injury versus those that occur without a physical injury is arbitrary at best. They are both real injuries. They both result in loss to the worker. And they both are directly related to the incident on the job. As stated by Justice Pfeifer in a dissent in McCrone:
There is no rational basis to treat injured employees differently when both the physically injured and the nonphysically injured employees each can identify the genesis of their psychological condition. A cognizable triggering event, whether resulting in a physical injury or not, is the proper determinant for proof of psychological injury. A professional can evaluate the injury and the event to determine whether compensation is appropriate.
Id. at ¶ 55.
{¶ 44} Reducing government costs, while an admirable goal, is not acceptable when it nullifies the protections of the Ohio Constitution. Justice Resnick asked the question “Is there a specific dollar amount of savings that must be realized before ignoring the Equal Protection Clause is justified?” Id. at ¶ 50. The answer must be a resounding no. The reality is that there is no constitutionally adequate explanation for the practice of treating psychologically traumatized workers in a distinctly different manner from their counterparts who, for example, break their arm or leg. It is government-sanctioned discrimination with tragic results, as demonstrated by this case.
{¶ 45} From an examination of the relevant code section, the conclusion I reach is consistent with the law. R.C. 4123.01(C)(1) allows for psychiatric conditions to be compensable as long as the condition arose from an injury sustained by the claimant. This version of the statute was enacted in 2006 to ensure that compensation was permitted only when the physical injury was sustained by the claimant rather than a third party. However, unlike the majority, I believe it is sufficient that the psychological injury occurred contemporaneously with the physical injury. The record in this matter is clear that the psychological injury happened contemporaneously with the allowed physical injury. Therefore, it was error for the trial court, and then the court of appeals, to disallow the claim. It *71 happened on the job, it is real, and it is compensable. The Bureau of Workers’ Compensation, and the Industrial Commission of Ohio, got it right.
Harris & Burgin, L.P.A., and Jeffrey Harris, for appellant.
Ice Miller L.L.P., Corey V. Crognale, and Meghan M. Majernik, for appellee John R. Jurgensen Co.
Michael DeWine, Attorney General, and Colleen C. Erdman, Assistant Attorney General, for appellee Administrator, Ohio Bureau of Workers’ Compensation.
Philip J. Fulton Law Office, Philip J. Fulton, and Chelsea J. Fulton, urging reversal on behalf of amicus curiae Ohio Association for Justice.
{¶ 46} Accordingly, I respectfully dissent.