[Cite as *State v. Klembus*, 2014-Ohio-1830.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100068

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEAN M. KLEMBUS

DEFENDANT-APPELLANT

### JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-562381-A

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** May 1, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Stephanie N. Hall
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Dean M. Klembus ("Klembus"), appeals the denial of his motion to dismiss a specification from the indictment charging him with driving under the influence of alcohol ("OVI"), a fourth-degree felony. We find merit to the appeal, reverse the trial court's judgment in part, and remand this case to the trial court with instructions to dismiss the specification.

{¶2} Klembus was charged with two counts of operating a vehicle under the influence of alcohol ("OVI"). Count 1 alleged driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a). Count 2 alleged driving with an excessive blood alcohol content, in violation of R.C. 4511.19(A)(1)(h). Both counts contained the following "FURTHERMORE" clause pursuant to R.C. 4511.19(G)(1)(d):

> FURTHERMORE, and he within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature to wit: (1) on or about January 2, 2008, 6C06389, in the Bedford Municipal Court, in violation of 4511.19(A)(1); (2) and on or about July 12, 2004, 4C02588, in the Bedford Municipal Court, in violation of 4511.19(A)(1); (3) and on or about October 4, 2000, 0C04081, in the Bedford Municipal Court, in violation of 4511.19(A)(1); (4) and on or about March 17, 1997, 7C00548, in the Bedford Municipal Court, in violation of 4511.19(A)(1); (5) and on or about December 29, 1992, 2C08595, in the Bedford Municipal Court, in violation of 4511.19(A)(1).

Each count also included a repeat OVI offender specification "concerning prior felony offenses" pursuant to R.C. 2941.1413(A), which states:

> The offender, within twenty years of committing the offense, previously had been convicted of or pleaded guilty to five or more equivalent offenses.

{¶3} Klembus filed a motion to dismiss the specification clause, arguing it violated the Equal Protection Clauses of the United States and Ohio Constitutions. After a hearing on the merits, the trial court denied Klembus's motion to dismiss and Klembus subsequently pleaded no contest to both charges. The two charges merged for sentencing, and the trial court sentenced Klembus to one year on the underlying OVI charge and one year on the specification, to be served consecutively for an aggregate two-year prison term. The court also imposed a lifetime suspension of driving privileges, and his vehicle was forfeited. Klembus now appeals the denial of his motion to dismiss.

{¶4} In his sole assignment of error, Klembus argues the repeat OVI offender specification violates his rights to equal protection and due process of law because the specification is based upon the same information or proof required to establish a fourth-degree felony. He contends R.C. 4511.19(G)(1)(d) and 2941.1413 allows the prosecutor to arbitrarily obtain a greater prison sentence for the underlying offense without proof of any additional element, fact, or circumstance.

{¶5} Both the Ohio and United States Constitutions provide that no person shall be deprived of life, liberty, or property without due process of law or be denied the equal protection of the law. Ohio Constitution, Article I, Section 2; Fourteenth Amendment to the U.S. Constitution. "Every person has a fundamental right to liberty in the sense that the Government may not punish him unless and until it proves his guilt beyond a reasonable doubt at a criminal trial conducted in accordance with the relevant

constitutional guarantees." *Bell v. Wolfish*, 441 U.S. 520, 535, 536, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

{¶6} However, once a defendant has been convicted, the court may impose upon the defendant whatever punishment is authorized by statute for the offense, so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clauses of the Ohio and United States Constitution. *Chapman v. U.S.,* 500 U.S. 453, 465, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991). In this context, an argument based on equal protection duplicates an argument based on due process. *Id.* The standard for determining whether a statute violates equal protection is "'essentially the same under state and federal law.'" *State v. Thompkins*, 75 Ohio St.3d 558, 561, 664 N.E.2d 926 (1996), quoting *Fabrey v. McDonald Village Police Dept.,* 70 Ohio St.3d 351, 354, 639 N.E.2d 31 (1994).

{¶7} "Where neither a fundamental right nor a suspect class is involved, a legislative classification passes muster if the state can show a rational basis for the unequal treatment of different groups." *Fabrey* at 353. A statute must be upheld if it bears a rational relationship to a legitimate governmental interest. *Adamsky v. Buckeye Local School Dist.,* 73 Ohio St.3d 360, 362, 653 N.E.2d 212 (1995). A statute is presumed constitutional and will be declared invalid only if the challenging party demonstrates beyond a reasonable doubt that the statute violates a constitutional provision. *Desenco, Inc. v. Akron*, 84 Ohio St.3d 535, 538, 706 N.E.2d 323 (1999).

**{¶8}** "Equal protection of the law means the protection of equal laws." *Conley v. Shearer*, 64 Ohio St.3d 284, 289, 595 N.E.2d 862 (1992). There is no equal protection issue if all offenders in a class are treated equally. *Id.* at 290. In *Conley*, the Ohio Supreme Court explained:

> The prohibition against the denial of equal protection of the laws requires that the law shall have an equality of operation on persons according to their relation. So long as the laws are applicable to all persons under like circumstances *and do not subject individuals to an arbitrary exercise of power* and operate alike upon all persons similarly situated, it suffices the constitutional prohibition against the denial of equal protection of the laws.

(Emphasis added.) *Id*. at 288-289.

**{¶9}** Klembus does not claim to belong to a "suspect class" or that the repeat OVI offender specification infringes upon a fundamental right. He argues the repeat OVI offender specification violates equal protection because it gives the state unfettered discretion to choose between two significantly different punishments when charging similarly situated OVI offenders. He contends that by giving the state sole discretion to include or omit the repeat OVI offender specification permits an arbitrary and unequal operation of the OVI sentencing provisions.

**{¶10}** Klembus was charged with violating R.C. 4511.19(G)(1), which provides in pertinent part:

> (d) Except as otherwise provided in division (G)(1)(e) of this section, an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses or an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree. The court shall sentence the offender to all of the following:

(i) If the sentence is being imposed for a violation of division (A)(1)(a), (b), (c), (d), (e), or (j) of this section, *a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code <u>or</u>, in the discretion of the court, either a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type.* If the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the sixty-day mandatory term, the cumulative total of the mandatory term and the jail term for the offense shall not exceed one year, and, except as provided in division (A)(1) of section 2929.13 of the Revised Code, no prison term is authorized for the offense. If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division (G)(2) of section 2929.13 of the Revised Code. If the court imposes a mandatory prison term or mandatory prison term and additional prison term, in addition to the term or terms so imposed, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

(Emphasis added.) If the offender is convicted of or pleads guilty to the repeat OVI specification, R.C. 4511.19(G)(1)(d) imposes a *mandatory one, two, three, four, or five year prison term*. If the offender is not convicted of the specification, the court has *discretion to impose either a mandatory 60-day term of local incarceration* pursuant to R.C. 2929.13(G)(1) *or a mandatory 60-day prison term* in accordance with R.C. 2929.13(G)(2). In addition, R.C. 4511.19(G)(1)(d) gives the trial court discretion to impose up to 30 months in prison and community control sanctions if the offender has not

been convicted of or pleaded guilty to the repeat OVI offender specification. Thus, the presence of the repeat OVI offender specification triggers the enhanced punishment.

{¶11} R.C. 2941.1413, which provides the specification concerning an additional prison term for repeat OVI offenders, states:

(A) Imposition of a mandatory additional prison term of one, two, three, four, or five years upon an offender under division (G)(2) of section 2929.13 of the Revised Code *is precluded unless the indictment, count in the indictment, or information charging a felony violation of division (A) of section 4511.19 of the Revised Code specifies that the offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses.* The specification shall be stated at the end of the body of the indictment, count, or information and shall be stated in substantially the following form:

"SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender, within twenty years of committing the offense, previously had been convicted of or pleaded guilty to five or more equivalent offenses)."

(B) As used in division (A) of this section, "equivalent offense" has the same meaning as in section 4511.181 of the Revised Code.

{¶12} Under R.C. 4511.19(G)(1)(d) and 2941.1413, Klembus may be subject to between one and five years of mandatory prison time instead of a mandatory 60 days of incarceration and a discretionary prison term up to 30 months without the state calling any additional witnesses or adducing any additional testimony or evidence. The increased penalty does not depend upon the jury finding any additional elements, facts, or circumstances beyond a reasonable doubt. Rather, the additional punishment depends solely on the prosecutor's decision whether or not to insert the repeat OVI offender specification provided by R.C. 2941.1413 into the indictment.

**{¶13}** In *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), the Ohio Supreme Court held that prosecutorial discretion, in and of itself, does not violate equal protection. *Id*. at 55. However, the court in *Wilson* further held that if two statutes "prohibit identical activity, require identical proof, and yet impose different penalties, then sentencing a person under the statute with the higher penalty violates the Equal Protection Clause." *Id*. at 55-56. *See also State v. Huff*, 14 Ohio App.3d 207, 209, 470 N.E.2d 934 (8th Dist.1984) (holding that a Cleveland ordinance prohibiting soliciting and another ordinance prohibiting prostitution prohibited identical activity and required identical proof, while imposing different penalties violated equal protection).

**{¶14}** The court in *Wilson* ultimately determined there was no equal protection violation in that case because, although the defendant was charged under two different burglary statutes, one of the statutes required proof of an additional element not required in the other. *Id*. at 58. Here, the elements of the repeat OVI offender specification are identical to those set forth in R.C. 4511.19(G)(1)(d) for the underlying fourth-degree felony. The specification does not require proof of any additional element to increase the penalty for the same conduct. Thus, the repeat OVI offender specification allows the prosecutor to arbitrarily subject individual defendants, such as Klembus, to increased penalties that others are not subject to. In this way, Klembus is treated differently from other members of his class, who are not subject to the repeat OVI offender specification.

**{¶15}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A).

If the repeat OVI specification was imposed with uniformity on all similarly situated offenders, it would be rationally related to the state's interest in protecting the public and punishing the offender. Indeed, courts have held that the General Assembly may prescribe cumulative punishments for the same offense, in certain circumstances, without violating constitutional protections against double jeopardy. *State v. Zampini*, 11th Dist. Lake No. 2007-L-109, 2008-Ohio-531, ¶ 11.

{¶16} However, there is no requirement that the specification be applied with uniformity, and there is no logical rationale for the increased penalty imposed on some repeat OVI offenders and not others without requiring proof of some additional element to justify the enhancement, especially since the class is composed of offenders with similar histories of OVI convictions. Under these circumstances, we cannot say the repeat OVI offender specification is rationally related to a legitimate state interest. We therefore find that the repeat OVI offender specification violates equal protection.

{¶17} The sole assignment of error is sustained.

{¶18} Judgment is reversed in part and remanded to the trial court with instructions to vacate the repeat OVI offender specification from the indictment.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
TIM McCORMACK, J., DISSENTS WITH SEPARATE OPINION

TIM McCORMACK, J., DISSENTING:

{¶19} I respectfully dissent. I would affirm the trial court's decision in its entirety. While I concur with the majority's analysis of equal protection, I would find no constitutional violations in this case.

{¶20} The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that "no State shall * * * deny to any person within its jurisdiction the equal protection of the laws." Ohio's Equal Protection Clause, Section 2, Article I of the Ohio Constitution, states, "All political power is inherent in the people. Government is instituted for their equal protection and benefit * * *." Both the federal and Ohio equal protection provisions are "functionally equivalent" and thus require the same analysis. *State v. Mole*, 8th Dist. Cuyahoga No. 98900, 2013-Ohio-3131, ¶ 9, citing *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, ¶ 11.

{¶21} Courts apply varying levels of scrutiny to equal protection challenges, depending on the right at issue and the alleged discriminatory classification involved. A statute that does not implicate a fundamental right or a suspect classification does not

violate equal protection principles if it is rationally related to a legitimate governmental interest. *Eppley* at ¶ 15, citing *Menefee v. Queen City Metro*, 49 Ohio St.3d 27, 29, 550 N.E.2d 181 (1990). This case does not involve a fundamental right or a suspect classification. We therefore would apply a rational basis test, where we must first identify whether a valid state interest exists and then determine whether the method or means by which the state has chosen to advance that interest is rational. *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 9, citing *Buchman v. Wayne Trace Local School Dist. Bd. of Edn.*, 73 Ohio St.3d 260, 267, 652 N.E.2d 952 (1995). Courts grant "substantial deference" to the judgment of the General Assembly in a rational basis review. *State v. Williams*, 88 Ohio St.3d 513, 531, 728 N.E.2d 342 (2000). Under this standard, the state has no obligation to produce evidence that a statutory classification is rational. *Pickaway Cty. Skilled Gaming, L.L.C. v. Cordray*, 127 Ohio St.3d 104, 2010-Ohio-4908, 936 N.E.2d 944, ¶ 20.

{¶22} Equal protection is not violated when, "based upon prosecutorial discretion, a person may be charged under more than one statute and thereby receive different penalties. The use of prosecutorial discretion, in and of itself, does not violate equal protection." *State v. Wilson*, 58 Ohio St.2d 52, 55, 388 N.E.2d 745 (1979). Likewise, a prosecutor's decision to seek an enhanced penalty for an underlying offense, without more, does not give rise to a violation of equal protection or due process. *See State v. Dixon*, 2d Dist. Montgomery No. 18582, 2002-Ohio-541. Where, however, there is "selectivity in enforcement of the criminal laws based upon a deliberate and unjustified

basis, such as race, religion or other arbitrary classification, a violation of the Equal Protection Clause may exist." *Wilson*, citing *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

{¶23} Section 16, Article I of the Ohio Constitution provides that every person who sustains a legal injury "shall have remedy by due course of law." The "due course of law" provision is the equivalent of the "due process of law" provision in the Fourteenth Amendment to the United States Constitution. *Sorrell v. Thevenir*, 69 Ohio St.3d 415, 422-423, 633 N.E.2d 504 (1994), citing *Direct Plumbing Supply Co. v. Dayton*, 138 Ohio St. 540, 544, 38 N.E.2d 70 (1941).

{¶24} The guarantees of due process and equal protection are frequently analyzed together. *See Wright v. Ohio Dept. of Human Servs.*, 4th Dist. Washington No. 92 CA 15, 1993 Ohio App. LEXIS 1971, *14 (Mar. 26, 1993). The scope of their protections, however, differ. While due process "generally emphasizes fairness between the state and the individual, * * * 'equal protection' generally emphasizes disparity of treatment between classes of individuals who are arguably indistinguishable." *Id.*, citing *Ross v. Moffitt*, 417 U.S. 600, 609, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Substantive due process operates to protect people from arbitrary, unreasonable, or capricious legislation. *Id.* at *15, citing *Eastlake v. Forest City Ents., Inc.*, 426 U.S. 668, 676, 96 S.Ct. 2358, 49 L.Ed.2d 132 (1976); *see also Heiner v. Donnan*, 285 U.S. 312, 326, 52 S.Ct. 358, 76 L.Ed. 772 (1932). Where there is no fundamental right and no suspect class, such as in

this case, a substantive due process analysis requires application of the same rational-basis test outlined above with respect to equal protection. *Id.*

{¶25} All statutes are afforded a presumption of constitutionality. *Burnett v. Motorists Mut. Ins. Co.*, 118 Ohio St.3d 493, 2008-Ohio-2751, 890 N.E.2d 307, ¶ 28. Before a court declares a statute unconstitutional, the court must be convinced "'beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'" *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 25, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus.

{¶26} A party seeking constitutional review of a statute may either present a facial challenge to the statute as a whole or challenge the statute as applied to a specific set of facts. *Id.*, citing *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37. In this case, Klembus argues that R.C. 4511.19 (and its R.C. 2941.1413 specification), as applied, is unconstitutional. Where a statute is challenged on the ground that it is unconstitutional when applied to a particular set of facts, the burden rests upon the party making such challenge "to present clear and convincing evidence of a presently existing state of facts which makes the act unconstitutional and void when applied thereto." *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329, 55 N.E.2d 629 (1944), paragraph six of the syllabus.

{¶27} Here, Klembus was charged with one count of driving while under the influence, in violation of R.C. 4511.19(A)(1)(a), which provides that "[n]o person shall

operate any vehicle * * * if at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." Klembus was also charged with one count of driving while under the influence, in violation of R.C. 4511.19(A)(1)(h), which prohibits operating a motor vehicle with a "concentration of seventeen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath."

{¶28} Pursuant to R.C. 4511.19(G)(1)(d), he was charged with a fourth-degree felony, on both counts, based upon the allegation that he had been previously convicted of or pleaded guilty to five or more similar OVI offenses within the previous 20 years. R.C. 4511.19(G)(1)(d) employs a 20-year look-back to previous convictions and enhances an OVI charge to a felony of the fourth degree if "an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature * * *."

{¶29} The indictment also included a specification to R.C. 4511.19, on each count, which provides an additional mandatory prison term of one, two, three, four, or five years for repeat OVI offenders who have, within twenty years of the offense, previously been convicted of or pleaded guilty to five or more equivalent offenses. R.C. 2941.1413(A).

{¶30} Klembus argues that this specification to R.C. 4511.19 violates equal protection because the specification permits the prosecution to obtain greater punishment for the underlying offense without proof of any additional elements or facts. In support of his argument, he cites to *Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745, for the proposition

that if two different statutes prohibit identical activity and require identical proof, yet impose different penalties, sentencing a person under the statute with the higher penalty violates equal protection. I find *Wilson* is distinguishable from this case.

{¶31} In *Wilson*, the defendant was charged with burglary, in violation of R.C. 2911.12, and aggravated burglary, in violation of R.C. 2911.11(A)(3). He pleaded guilty to both counts and requested that he be sentenced under the burglary statute because the charges were duplicative, yet the penalties imposed were different. The defendant argued that the trial court was constitutionally required to sentence him in accordance with the lesser of the two penalties. The trial court rejected the defendant's request and sentenced him under the aggravated burglary statute, which the court of appeals affirmed.

{¶32} Upon further appeal, the Ohio Supreme Court determined that the issue was whether both statutes required the state to prove identical elements while prescribing different penalties. Restating the test the appellate court applied, the Supreme Court concluded that "if the defendant is charged with the elevated crime, the state has the burden of proving an additional element beyond that required by the lesser offense." *Id.* at 55-56. In affirming the court of appeals, the Supreme Court found no equal protection violation in *Wilson* because the state was required to prove the elements of burglary in addition to one of three aggravating circumstances in order to convict the defendant of aggravated burglary. *Id.* at 57-58.

{¶33} In *Wilson*, the court analyzed two different statutes and determined that if two different statutes prohibited identical activity and required identical proof, yet imposed different penalties, sentencing the defendant under the statute with the higher penalty could violate equal protection. Here, however, Klembus was charged under R.C. 4511.19, which proscribed one activity (and it contained a furthermore clause that enhanced the degree of the offense). The statute also contained a penalty enhancement outlined in R.C. 2941.1413. The R.C. 2941.1413 penalty enhancement does not prohibit an activity or require proof of an additional element of a crime. Rather, it is a statutorily authorized specification that increases the severity of a penalty imposed for certain repeat OVI offenders.

{¶34} Further, R.C. 2941.1413 does not allow for selective enforcement based upon a deliberate and unjustified basis such as race, religion, or other arbitrary classification. *See Wilson* at 55. Nor has Klembus demonstrated a deliberate discrimination where an unjustifiable basis had been applied. The enhanced penalty of a mandatory prison term of one, two, three, four, or five years consecutive to the underlying offense is available to *any* individual who is found guilty of, or who has pleaded guilty to, the underlying fourth-degree felony involving a repeat OVI offender, where the specification is included in the indictment.

{¶35} Moreover, courts have consistently concluded that an enhanced penalty specification, standing alone, does not violate constitutional protections. In *State v. Gonzales*, the First District Court of Appeals found no double jeopardy violation where

the legislature specifically authorized cumulative punishment. 151 Ohio App.3d 160, 2002-Ohio-4937, 783 N.E.2d 903 (1st Dist.). *Gonzales* involved the application of a major drug offense ("MDO") specification to the indictment. The MDO specification provided that whomever violates the drug trafficking provisions, where the amount of an identified drug exceeds a certain amount, that individual is a major drug offender and the court must impose the maximum ten-year prison sentence. The defendant argued that Ohio's statutory drug scheme violated double jeopardy because the statutes prohibiting drug possession and drug trafficking required proof of identical elements contained in the MDO specification.

{¶36} In finding no double jeopardy violation, the court determined that the sentencing provisions clearly reflected the legislature's intent to create a penalty for an individual who sells or possesses a certain amount of drugs over and above the penalty imposed for the drug trafficking or possession itself. *Gonzales* at ¶ 42. The court therefore concluded that "where 'the legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those statutes proscribe the 'same' conduct * * *, a court's task of statutory construction is at an end and the prosecution may seek and the trial court may impose cumulative punishment under the statutes in a single trial.'" *Id.* at ¶ 40, quoting *Missouri v. Hunter*, 459 U.S. 359, 369, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). A reviewing court is therefore "'limited to ensuring that the trial court did not exceed the sentencing authority which the General Assembly has permitted

the judiciary.'" *Id.*, quoting *State v. Moss*, 69 Ohio St.2d 515, 518, 433 N.E.2d 181 (1982).

**{¶37}** More specifically, Ohio courts have repeatedly upheld the R.C. 2941.1413 enhanced penalty specification contained within R.C. 4511.19, relying on legislative intent as authorization of such cumulative punishment. The Ninth District Court of Appeals, concluding that R.C. 2941.1413 was not a double jeopardy violation and did not violate a defendant's due process rights, determined that the sentencing provisions "clearly reflect the legislature's intent to create a penalty for a person who has been convicted of or pleaded guilty to five or more equivalent offenses within twenty years of the [OVI] offense over and above the penalty imposed for the [OVI] conviction itself." *State v. Midcap* 9th Dist. Summit No. 22908, 2006-Ohio-2854, ¶ 12; *see also State v. Grosse*, 9th Dist. Summit No. 24678, 2009-Ohio-5942 (because the plain language of R.C. 2929.13(G)(2) and 4511.19(G)(1)(d)(ii) specifically allows a court to sentence a defendant on both the specification and the underlying offense, those sections are not unconstitutionally vague).

**{¶38}** The Eleventh District Court of Appeals determined that a "careful reading" of the R.C. 2941.1413 specification demonstrates that the mandatory prison term must be imposed in addition to the sentence for the underlying offense:

> The language and interplay of R.C. 4511.19(G)(1)(d)(ii) and R.C. 2941.1413 demonstrate that the legislature specifically authorized a separate penalty for a person who has been convicted of or pleaded guilty to five or more OVI offenses within twenty years which shall be imposed in addition to the penalty for the underlying OVI conviction. See *State v. Midcap*, 9th Dist. No. 22908, 2006-Ohio-2854. Therefore, R.C. 4511.19(G)(1)(d)(ii) and

R.C. 2941.1413 "clearly reflect the legislature's intent to create a penalty for a person who has been convicted of or pleaded guilty to five or more equivalent offenses within twenty years of the OMVI offense over and above the penalty imposed for the OMVI conviction itself * * *."

*State v. Stillwell*, 11th Dist. Lake No 2006-L-010, 2007-Ohio-3190, ¶ 26; *see also State v. Zampini*, 11th Dist. Lake No. 2007-L-109, 2008-Ohio-531 (finding the Double Jeopardy Clause does no more than prevent a sentencing court from prescribing greater punishment than the legislature intended); *State v. McAdams*, 11th Dist. Lake No. 2010-L-012, 2011-Ohio-157 (finding that the R.C. 2941.1413 specification could not exist without the underlying offense and merely attaches to that offense). I find the above analyses instructive.

{¶39} The sentencing provisions outlined in R.C. 4511.19 and R.C. 2941.1413 clearly reflect the legislature's intent to create a penalty for an individual who has been convicted of or pleaded guilty to five or more OVI offenses within twenty years over and above the penalty imposed for the underlying OVI conviction itself. In recognition of and in deference to the judgment of the General Assembly and its intent in authorizing this type of punishment, and because Klembus has not demonstrated a deliberate discrimination where an unjustifiable basis had been applied in his case, I would therefore find that the application of the R.C. 2941.1413 specification to R.C. 4511.19 did not violate Klembus's equal protection rights or due process of the law.